The State of Iowa v. Ansaleme.

## THE STATE OF IOWA v. ANSALEME.

1. SELECTION OF JURORS. That the lists of grand and petit jurors selected by the judges of election in the several townships of the county, and accompanying the proper election returns, are not authenticated by a formal certificate, is not, in the absence of fraud, sufficient cause for setting aside an indictment.

2. INDICTMENT: NAMING OFFENSE. When an indictment charged a defendant "with the crime of nuisance," it was held to be sufficient to designate the name of the offense, when the language of the charging part of the indictment described the offense defined by § 1564 of the Rev. of 1860.

*Appeal from Marshall District Court.*

TUESDAY, JUNE 9.

INDICTMENT for nuisance.

*Henderson & Boardman* for the appellant.

*C. C. Nourse,* Attorney-General, for the State.

WRIGHT, J.—I. Defendant moved to set aside the indictment, upon the ground that the grand jurors were not selected and returned by the judges of election in the manner required by law. From the evidence submitted in support of this motion, it appeared that accompanying the different poll books of the several townships was what purported to be a list of grand and petit jurors. In some instances such lists were regularly headed and certified by the judges. In others there were lists designating which were grand and which petit jurors, not signed, however, nor in any manner certified by any officer. In two lists there was nothing to designate which were returned for the grand jury, but the requisite number for both juries were returned. All these lists accompanied the returns of election, which were duly sealed and signed. The lists were recorded in the election book, not signed by the judge, but containing this heading : " List of persons qualified to serve

as grand jurors, selected at the time of holding the general election, October 8, 1862." In the two townships which did not distinguish the one list from the other, the record above mentioned shows that the names first appearing were named as grand jurors. Seventy-five names were thus recorded, being the number provided for by § 2723 of the Revision of 1860.

The law provides that the judges of election shall make the requisite selection and return lists of names as selected to the county judge, with the returns of election, and in case the said judges shall fail to make and return said lists as therein required, the county board of supervisors shall, at the meeting to canvass the votes polled in the county, make such lists for the delinquent townships, § 2727, Rev. of 1860.

It will be seen that no specific form is given for making the return of said lists. There is no requirement that the judges shall attach a certificate to said lists authenticating them. And while it would certainly be more formal, and more effectually remove all chance for fraud or imposition to attach some such certificate, we are not prepared to say that such failure is a good cause for setting aside an indictment, where there is no pretense of fraud, where there is no suggestion that the lists returned were not those actually made by the judges, if such lists accompanied the duly authenticated returns, properly sealed, and delivered to the county judge. And especially is this true, where such lists have been duly recorded in the election book. It is not necessary that the return of the board of canvassers, in making the lists, as contemplated by the above sections, should be spread upon the record. If the returns are informal (as in the case where there is no distinction in the returns between grand and petit jurors) the canvassers may correct them, and where the record in the election book shows a due and proper selection, the presumption is,

that such record was the result of a list duly made by the canvassers. The object of the statute is to prevent frauds, and to ensure the proper and legal selection of sound and discreet persons to serve upon the jury. Where there has been a substantial compliance with the law, an indictment should not be set aside. To set it aside, because of some slight departure from a directory statute, which has to be administered by those, as a rule, but little conversant with legal and technical forms, would be contrary to the spirit and policy of our criminal code.

II. The indictment charges defendant with "the crime of a nuisance," by being engaged in owning and keeping intoxicating liquors with intent to sell the same, in violation of law, committed as follows: the said John Ansaleme, on the first day of March, A. D., 1862, and on divers other days and times, between that day and the day of finding of this indictment, in the county aforesaid, did then and there keep a certain grocery, located in lot one, block No. twenty-six, in the town of Marietta, in said county, and was then and there engaged in owning and keeping intoxicating liquors, to wit, one quart of brandy (and other liquors, naming them) with intent to sell the same in said grocery," &c. The use of the word "nuisance" was sufficient to designate or name the offense, without other words in the commencement of the indictment. And while what follows immediately after may not be sufficient to show that the act was a "nuisance," yet the description in the charging part of the indictment, shows that it was such according to § 1564 of the Revision of 1860. The part of the indictment objected to therefore by the demurrer might have been omitted without vitiating it. It was surplusage, and its insertion did not make it defective.

Affirmed.