STATE OF MAINE *vs.* GEORGE E. WARD.

*Plea in abatement bad for duplicity.*

A plea in abatement, to the sufficiency of a grand jury, is bad on special demurrer, where defects in the drawing of several jurors are alleged, which are not dependent for proof upon the same evidence.

ON EXCEPTIONS.

The respondent, indicted for maintaining a nuisance, under R. S., c. 17, § 1, plead in abatement errors in the drawing of sixteen of the grand jurors by whom the indictment was found, coming from various towns and summoned by different officers and venires. The county attorney demurred specially to the plea and his demurrer was sustained by the judge of the superior court, and the respondent excepted.

*S. C. Strout* and *H. W. Gage,* for the respondent.

*Charles F. Libby,* county attorney, for the State.

PETERS, J.    The respondent pleads in abatement, that the grand jury were not legally qualified to find this indictment. He objects, *inter alia,* that the juror from Scarborough, was not drawn at a meeting held within the limits of that town; that the juror from Yarmouth was not drawn at a meeting held within the limits of that town; that the juror from Bridgton was drawn at a meeting the hour of which was not notified, and that four days' notice of the meeting was not given as required by law. The attorney for the State demurs to this plea, upon the ground of duplicity.

It is argued by the State that the plea contains divers and distinct matters, of a material character, any one of which would be a sufficient answer, without the others. On the other hand, the respondent insists that his defence is not double, and that it con-

tains but a single matter; and that is, the illegal constitution of a grand jury.

The rule of law invoked by the State is clear enough; but it is sometimes difficult correctly to apply it. The respondent must confine his plea to a single point. The point is not necessarily confined to a single fact. It may embrace as many facts as constitute one proposition or matter, making but one defence; but it must not consist of distinct and independent facts, making several matters or defences. Good reasons for this strictness are found in all the books upon pleading at common law.

We think the demurrer should be sustained. The position of the respondent would be more tenable, if his objection applied to one venire or one juror. But here several issuable facts are alleged, which have no necessary connection, dependent upon different evidence for proof. To be sure, there is some resemblance between this plea and some of the forms in the authorities, which have been held good upon special demurrer; as where a defendant pleaded that he arrested a plaintiff on suspicion of felony, and was allowed to set forth any number of circumstances of suspicion, though each circumstance was alone sufficient to justify the arrest, inasmuch as all of them together amounted to one connected cause of suspicion. But, upon the whole, we think the plea in this case falls rather within the kind of objection, that, at common law, lies against charging distinct offences in one count; or several breaches in one assignment; or against alleging two causes to sue, and the like. The respondent relies on the form of a plea in abatement, found in 2 Wharton's Indictments, § 1158, which was sustained by the court in Mississippi. But the defect alleged there, in drawing a grand jury, was equally as applicable to all the jurors as any of them. The objection was an entirety. Here it is not.                    *Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.