# THE STATE v. BRIGGS.

1. **Adultery:** INDICTMENT: DUPLICITY: WHAT IS NOT. An indictment charging the defendant with committing adultery on a specific day, "and on divers other days and times within eighteen months prior to the finding of this indictment," *held* not bad for duplicity, because, time not being an ingredient of the offense, it was competent to prove the commission of the crime on any day within eighteen months prior to the finding of the indictment, (Code, § 4166; *State v. Bell*, 49 Iowa, 440,) and the quoted words were properly rejected as mere surplusage.

2. ———: PROSECUTION BY HUSBAND OR WIFE: WHAT IS SUFFICIENT. Under § 4008 of the Code, if the husband or wife of the defendant begins a prosecution for adultery by preliminary information before a magistrate, and the defendant is thereupon bound over and indicted by the grand jury, a convicton may be had under such indictment, though the husband or wife does not voluntarily pursue the prosecution beyond the justice's court. (*State v. Baldy*, 17 Iowa, 39; *State v. Roth*, Id., 336.)

3. **Indictment:** PRIVATE PROSECUTION: DUTY OF GRAND JURY: CODE, SECTION 4292, DIRECTORY. Section 4292 of the Code, requiring the grand jury, when an indictment is found at the instance of a private prosecutor, to indorse that fact on the indictment, is directory merely, and such indorsement is not essential to the validity of the indictment.

4. ———: FAILURE TO FILE MINUTES OF EVIDENCE: DEMURRER. An indictment is not demurrable on the ground that the minutes of the evidence on which it was found have not been filed with the clerk, as required by Code, § 4293.

5. **Adultery:** DEFENSE—NO PROSECUTION BY WIFE: HOW MADE AVAILABLE: PRACTICE. The claim that a prosecution against a husband for adultery was not begun by the wife cannot be established by affidavits in support of a motion to dismiss the indictment, but it is a question for the jury,—the state having the burden to establish the fact of such prosecution, like any other material averment of the indictment.

6. **Indictment:** FILING MINUTES OF EVIDENCE: WHAT SUFFICIENT. The minutes of the evidence upon which an indictment is found are sufficiently filed with the clerk (Code, § 4293) when they are handed to him, and he receives them to be kept on file in his office. The indorsement of the filing by the clerk, though proper, is not necessary. (*State v. Guisenhause*, 20 Iowa, 227.)

7. ———: NAMES OF WITNESSES ON BACK: IDENTITY OF WITNESS: PRACTICE: EVIDENCE: PRESUMPTION. Where the name of "Mrs. H." was indorsed on the indictment as one of the witnesses, and the state on the trial offered "Mrs. Mary E. H." as a witness, and it was objected that her name was not indorsed on the indictment, *held* that it was the duty

of the court to determine whether "Mrs. H." and "Mrs. Mary E. H." were the same person, and that, in so doing, it was competent to consult not only the indorsement upon the indictment, but the minutes of the evidence; and, further, that, since the court overruled the objection, it must be presumed that it did consult such minutes, and therein found sufficient evidence to determine the identity of the witness.

8. **Adultery**: EVIDENCE OF ACTS NOT CHARGED IN INDICTMENT. In a prosecution for adultery, evidence tending to show that the parties had committed adultery prior to the time covered by the indictment, and during that time in another county, was admissible for the purpose of showing the relation and disposition of the parties, and to enable the jury to understand the character of their relations, as shown by the evidence, within the time covered by the indictment, and within the county alleged therein.

9. **Criminal Evidence**: VOLUNTARY CONFESSION: WHAT IS. The defendant, on being taken before the magistrate for preliminary examination, after the information was read to him, but before he was informed of his right to counsel, was asked what plea he desired to enter, and he answered that he pleaded guilty to the charge. *Held* that the admission of guilt was voluntarily made, and that the state was properly allowed to prove it on trial of the indictment.

10. ———: LETTERS OF DEFENDANT: AUTHENTICITY OF: QUESTION FOR JURY. When letters purporting to have been written by defendant were offered against him, and there was evidence tending to prove that he wrote them, *held* that the letters were properly admitted, along with the evidence as to their genuineness.

*Appeal from Hardin District Court.*

FRIDAY, MARCH 19.

THE defendant was convicted of the crime of adultery, and sentenced to a term in the penitentiary, and from this judgment he appeals to this court.

*T. H. Milner*, for defendant.

*A. J. Baker, Attorney-general*, for the State.

REED J.—The indictment on which the defendant was tried, omitting the portions which are merely formal, is as follows: "The said Samuel W. Briggs did, on the sixteenth day of March, 1884, and on divers other days and times

'within eighteen months prior to the finding of this indict-
ment, in the county aforesaid, commit the crime of adultery,
by then and there having carnal knowledge of one Essie Etta
Hutzell, she being at the time an unmarried woman, and not
the wife of defendant, and the said Samuel W. Briggs being
at the time a married man, having a lawful wife then living,
to-wit: Lizzie Briggs, and the said defendant then and there
having committed said acts contrary to and in violation of
law; that on the second day of February, 1885, the said Liz-
zie Briggs, still being the lawful wife of the said Samuel W.
Briggs, did commence prosecution by filing in the office
of C. Burling, a justice of the peace of Hardin county, Iowa,
her information, charging said defendant with said crime;
that in the further progress of said prosecution said defendant
was, on the sixth day of February, 1885, held to answer said
charge at the next term of the district court of said county,
in accordance with law, by said justice of the peace."

On the back of the instrument were indorsed the names
of the witnesses on whose evidence the grand jury acted in
finding it, and, among the names so indorsed, was that of
Lizzie Briggs. When the grand jury returned the indict-
ment they also returned what purported to be a minute of
the evidence taken by them. Attached to the minutes was
the following certificate, which was signed by the foreman of
the grand jury: "*The State of Iowa v. Samuel W. Briggs.*
Evidence returned by the grand jury with the indictment in
the above case." These minutes were placed by the clerk
with the indictment, and retained in his office, but he did not
mark them as filed. The defendant filed a demurrer to the
indictment, which was overruled by the district court.

The first ground of the demurrer was that the indictment
charges a series of offenses. It is provided by section 4300

1. ADULTERY: of the Code that the indictment must charge but
indictment: one offense. It is insisted that under this pro-
duplicity: vision the indictment in question is bad. It is
what is not.
very clear that the state would not be permitted to charge in

The State v. Briggs.

the same indictment distinct acts of adultery committed with different persons. It must also be admitted that each act of sexual intercourse between the accused and the woman named in the indictment, within the time covered by the indictment would be a distinct offense. The state, in making its proof, however, would not be confined to the date named or to any particular date within the time covered by the indictment, but would be permitted to prove the commission of the crime upon any day within that period, or within eighteen months before the finding of the indictment, the time not being an ingredient of the offense, and that being the period after its commission within which the indictment must be found. Code, § 4166. *State v. Bell*, 49 Iowa, 440. The defendant could be convicted of but one offense under the indictment, and, as the state would be permitted to prove its commission either on the sixteenth of March, 1884, or on any other day within the eighteen months prior to the finding of the indictment, the allegation that he committed it on divers other days within that time may be rejected as surplusage. *Cook v. State*, 11 Ga., 53; *U. S. v. La Costa*, 2 Mason, 129; *Wells v. Com.*, 12 Gray, 326.

II. Another ground of the demurrer was that it did not appear by any averment of the indictment, or by any indorsement thereon, that it was found at the instance of a private prosecutor. Section 4008 of the Code contains the following provision: "No prosecution for adultery can be commenced but on the complaint of the husband or wife." Another provision contained in section 4292 requires the grand jury, when an indictment is found at the instance of a private prosecutor, to state in an indorsement thereon the fact that it was found at the instance of such prosecutor. The position of the counsel is that, as the prosecution can be commenced only on the complaint of the husband or wife, such husband or wife is necessarily a private prosecutor, and, consequently, that the failure to indorse upon the indictment the fact that it was found at the

2. ——: prosecution by husband or wife: what is sufficient.

instance of such prosecutor is fatal to the indictment. This position is not sound. The prosecution may be commenced either by making the complaint before the grand jury or by filing a preliminary information before a magistrate. When it is commenced by filing an information before a magistrate, it is not essential that the husband or wife should appear further in the case to prosecute it. *State v. Baldy,* 17 Iowa, 39; *Same v. Roth,* Id., 336.

It is averred in the indictment that the wife of the defendant did commence the prosecution against him in that manner, and that he was held to answer the charges preferred against him by her. This averment fully meets the requirements of section 4008. The indorsement required by 4292 is not essential to the validity of the indictment. The requirement is merely directory, and the indorsement is required to be made to enable the court to tax the costs against the prosecutor, if it should be satisfied that the prosecution was malicious or without probable cause.

3. INDICT-MENT: private prosecution: duty of grand jury: code, § 4292, directory.

III. Another ground of the demurrer was that the minutes of evidence returned by the grand jury had not been filed by the clerk as required by section 4293. It is apparent that questions of this character cannot be raised by demurrer to the indictment. The facts constituting the crime of which the defendant is accused must be stated in the indictment, and questions as to the sufficiency of the statement of facts can be raised by demurrer, and its sufficiency as a pleading must be determined from its averments. The minutes of evidence returned by the grand jury, when filed by the clerk, constitute part of the record in the case, but they are no part of the indictment. The district court rightly overruled the demurrer.

4. ———: failure to file minutes of evidence: demurrer.

IV. The defendant also filed a motion to dismiss the cause. This motion was supported by the affidavit of de-

**5. ADULTERY: defense—no prosecution by wife : how made available : practice.** fendant's wife, in which she swore that, while she signed and swore to the preliminary information accusing defendant of the crime, she did not do so voluntarily, but acted under duress, and the coercion of threats by her parents and other persons; and that she did not voluntarily appear before the grand jury when that body was investigating the charge, and that she requested them to dismiss the charge, and not return an indictment thereon against her husband. In *State v. Roth*, *supra*, it was held that the defendant was not concluded by the averment in the indictment that the prosecution was commenced on the complaint of the husband or wife, but that he might show by evidence that it was not commenced on such complaint. The defendant in that case, as in this, filed a motion to dismiss, and supported the same by the affidavit of his wife. He also offered evidence on the trial to disprove the allegation that the prosecution was commenced on the complaint of his wife, and, while it was held that the defendant was entitled in some manner to show the real fact, the question as to which was the proper practice was left undetermined. In the later case of *State v. Henke*, 58 Iowa, 457, it was held that the allegation that the prosecution was commenced on the complaint of the husband or wife must be proved by the state like the other material averments of the indictment. Under the rule established by that case the question is to be determined by the jury upon the evidence given upon the trial of the indictment. The motion to dismiss was therefore properly overruled.

V. On the trial counsel for the defendant objected to the examination of the witnesses whose names were indorsed on **6. INDICTMENT : filing minutes of evidence : what is sufficient.** the back of the indictment, on the ground that no minutes of their evidence before the grand jury had been filed by the clerk. As stated above, no certificate of the filing of the minutes was indorsed thereon by the clerk. The minutes of evidence, however, were presented by the grand jury with the indictment, and

were placed by the clerk with the indictment in his office, and remained there as part of the records in the case. This was a filing of them within the meaning of the statute. Code, § 4293. It was not essential that they should be indorsed as filed by the clerk, although the better practice doubtless would be to so indorse them. The indorsement of the clerk, however, is simply evidence of the filing. The filing consists in the delivery of the paper to the clerk, and his receiving them to be kept on file in his office. Bouv. Law Dict.; *State v. Guisenhause*, 20 Iowa, 227.

VI. One of the names indorsed on the back of the indictment was that of "Mrs. Hutzell." The state' introduced as a witness in support of the indictment one Mrs. Mary E. Hutzel. Defendant's counsel objected to her examination on the ground that it did not appear that she had been examined before the grand jury. The state was entitled to examine in support of the indictment only such witnesses as had been examined before the grand jury, and a minute of whose testimony had been presented by the grand jury with the indictment. Code, § 4421. When the objection was made, it was the duty of the district court to determine whether the facts were such as entitle the state to examine the witness. It could not be determined from the indorsement on the back of the indictment whether the witness produced was the identical person who was examined before the grand jury or not. But the indorsement was by no means the only evidence which might be received on the question of her indentity. The minutes of evidence might be examined in determining it. It does not appear from the record, however, that they were introduced for that purpose. But they constituted part of the records in the case, and might be examined by the court for that purpose without being formally introduced. It may be that they showed that the name of Mrs. Hutzel who was examined before the grand jury was Mary E. Hutzel. If so, they afforded *prima facie* evidence

7. ——:
names of witnesses on back: identity of witness: practice: evidence: presumption.

at least of the identity of the witness. The minutes are not before us, and we will indulge the presumption in favor of the correctness of the ruling of the district court in overruling the objection that they were examined, and afforded satisfactory evidence of her identity.

VII. The evidence which tended to prove the commission of the offense in Hardin county within eighteen months

**8. ADULTERY: evidence of acts not charged in indictment.** before the indictment was found was purely circumstantial, and, standing alone, perhaps, would not establish the guilt of the accused. The state was permitted, against his objection, to introduce evidence which tended very strongly to prove that he had sexual intercourse with the woman named in the indictment at a time more than eighteen months before the finding of the indictment; and also that within that period he and the woman left Hardin county, and went to Council Bluffs, where they lived together, representing themselves to be husband and wife, and occupying the same room and bed. The court instructed the jury that the defendant could not be convicted on that indictment, on evidence of acts of adultery committed more than eighteen months before the finding of the indictment, or of acts committed outside of Hardin county; but that in determining whether he had committed the offense within Hardin county, and within that period of time, they might consider the relations which existed between the parties as the same was shown by the evidence objected to. We think the evidence was clearly admissible for the purpose for which it was admitted. The evidence showed that at one time within the eighteen months before the indictment was found the woman Essie Etta Hutzel lived several weeks in the same house in which defendant and his family resided, but in different apartments. It also tended to show that during that time the parties were guilty of such acts of familiarity as attracted the attention of defendant's wife, and led her to remonstrate with him concerning his conduct. This evidence, standing alone, as we have seen, would

not establish his guilt. But it showed that the parties then had the opportunity for indulgence, and the fact that they had the disposition, and on previous occasions had been guilty of acts of intercourse, was of the highest importance in determining whether they did indulge at that time. The evidence of their conduct at Council Bluffs was also admissible on the same principle. It showed the relations and disposition of the parties, and tended to explain their conduct and actions at the time in question.

VIII. When the defendant was arrested and taken before the magistrate for preliminary examination the information

*9. CRIMINAL evidence: voluntary confession: what is.* was read to him, and he was asked by the magistrate what plea he desired to enter, and he answered that he pleaded guilty to the charge. He had not then been informed by the magistrate of his right to the aid of counsel. On the trial the state was permitted, against his objection, to prove this admission. The ground of the objection urged against the admission of the evidence is that under the statute defendant could not be required, on preliminary examination, to plead to the information, and that his plea of guilty was therefore a mere nullity, and was not admissible in evidence for any purpose; also that, as he was not then informed as to his legal rights in the matter, but was required by the magistrate to enter a plea, his plea of guilty was not a voluntary admission of his guilt, and was therefore not admissible in evidence against him. It is true that the statute does not contemplate or require the entry by the defendant of a formal plea to the preliminary information. The plea entered by the defendant, however, was an admission by him of his guilt; and it cannot be said that such admission was extorted from him by the magistrate. He was required to enter a plea, it is true, but he had the privilege of pleading either guilty or not guilty; and, as he elected to enter the former plea, his admission must be regarded as having been voluntarily made. It was therefore admissible in evidence against him.

IX.   The state offered in evidence certain letters which, it was claimed, were written by defendant while he was in custody, after the preliminary examination, to his wife, and to the woman Essie Etta Hutzel, which were admitted against defendant's objection.   It is claimed that there was not sufficient evidence that the letters were written by defendant.   We deem it sufficient, however, to say, in answer to this position, that there was evidence strongly tending to prove that he wrote them, and it was properly left to the jury to determine whether he did write them.   Exception is also taken to some of the instructions given by the district court.   We think it unnecessary to set them out, or to say more than that they afford no just ground of exception.

We have examined the whole record, and find no ground upon which we think we ought to disturb the judgment.   It will therefore be

AFFIRMED.