STATE OF IOWA, Appellee, v. GENE JENKINS, Appellant.

**MOTOR VEHICLES:** Operation—Intoxicated Operator. Evidence held 1 to generate a jury question on the issue whether the operator of an automobile was intoxicated.

**EVIDENCE:** Relevancy and Materiality—Acts and Declarations. Acts 2 and declarations of an officer after searching the vehicle of an accused, which are not related to the issue on trial, are properly excluded.

**MOTOR VEHICLES:** Operation—Issue of Intoxication—Evidence. Evi- 3 dence that a party accused of operating an automobile while intoxicated was free from the odor of alcohol some sixteen hours after the occurrence in question is properly excluded.

**EVIDENCE:** Opinion Evidence—Intoxication. Opinion evidence is ad- 4 missible on the issue of intoxication.

**EVIDENCE:** Demonstrative Evidence—Issue of Intoxication. On the 5 issue of intoxication, articles and things found at the scene of an automobile wreck may be relevant and admissible.

Headnote 1: 29 C. J. p. 670 (Anno.)  Headnote 2: 16 C. J. pp. 579, 580. Headnote 3: 29 C. J. p. 670.  Headnote 4: 16 C. J. p. 751; 22 C. J. p. 599; 29 C. J. p. 670.  Headnote 5: 16 C. J. pp. 617, 618; 29 C. J. p. 670.

Headnote 1: L. R. A. 1917A, 313; 2 R. C. L. 1183.  Headnote 4: 11 L. R. A. (N. S.) 639; 11 R. C. L. 569.

*Appeal from Poweshiek District Court.*—D. W. HAMILTON, Judge.

MARCH 8, 1927.

Defendant was indicted for operating a motor vehicle while intoxicated. He was convicted, and sentenced to a term in the penitentiary. He appeals.—*Affirmed.*

*J. H. Patton,* for appellant.

*R. W. Boyd,* County Attorney, for appellee.

FAVILLE, J.—On May 15, 1925, the appellant was driving a Ford coupé in a westerly direction on a public highway about two miles east of Grinnell. A hog came upon the traveled por-

1. MOTOR VEHI-CLES: opera-tion: intoxi-cated operator.

tion of the highway, and appellant's car struck it. The car was thrown from the highway, and was badly damaged. The contents were scattered near the scene of the accident; the cushions, and portions of the car, tools, and four bottles were found in or about the ditch near the highway. The evidence in behalf of the State tends to show that the defendant was observed, as he approached the scene of the accident; that he was then driving at a high rate of speed; that his car was weaving back and forth on the highway; that he waved his arm, and shouted loudly at other parties on the highway. Immediately after the collision with the hog, various parties arrived on the scene, some of whom testified that the appellant appeared to be in an intoxicated condition, and that there was evidence of the odor of intoxicating liquors upon his breath. There was evidence tending to show that the bottles in question contained intoxicating liquor.

I. Appellant contends that the verdict is the result of passion and prejudice, and is without support in the evidence. It is unnecessary that we review the evidence in detail. The foregoing statement contains a general outline of the testimony in behalf of the State. It clearly presented a question for the jury. There is no such want of evidence as to indicate that the verdict was the result of passion and prejudice.

II. The appellant testified that, on the day in question, he started on his trip to Grinnell from Toledo, Iowa, and that, before he started, a special officer at Toledo came to his car and

2. EVIDENCE: rele-
vancy and mate-
riality: acts and
declarations.

searched it. Appellant was then asked, "What, if anything, did he say or do?" An objection to this evidence was sustained, and of this appellant complains. There was no error in excluding this testimony. The appellant was permitted to testify fully as to what was done at the time. There was no contradiction of his evidence.

III. The accident referred to happened sometime after five o'clock in the afternoon. The appellant produced as a witness an osteopathic physician, who examined him between nine and ten o'clock the next morning. This witness was asked:

. "Now, I will ask you whether or not, at that time, while you were working on this man and examining him, whether there was any odor of alcoholic liquor about him."

The interrogatory was presented in a different form, and objections thereto were sustained. There was no reversible error at this point. The time inquired about was remote from the time

3. MOTOR VEHI-
CLES: opera-
tion: issue of
intoxication:
evidence.

at which the appellant was charged with having been driving a car while intoxicated. Furthermore, there was no profert of the testimony of this witness. We do not reverse where the record discloses merely a situation where it is wholly speculative as to whether the answer of the witness would be in the affirmative or the negative. The record does not disclose reversible error at this point.

IV. A witness who was present at the time in question, and who described the appearance, conduct, and conversation of the appellant, was asked: "From your opinion of him, from his con-

4. EVIDENCE: opin-
ion evidence:
intoxication.

duct and actions and speech, in your opinion was he drunk or sober?" Appellant's objections to the interrogatory were overruled. There was no error, under this record. *Vannest v. Murphy*, 135 Iowa 123; *State v. Cather*, 121 Iowa 106; *State v. Kendall*, 200 Iowa 483.

V. It is urged that the court erred in admitting in evidence the bottles that were found in the ditch by the side of the road at the scene of the accident. These exhibits were properly

5. EVIDENCE: de-
monstrative evi-
dence: issue of
intoxication.

admissible in evidence, under the circumstances shown. Appellant's contention is that the evidence showed that the bottles were found in the ditch at the side of the road, side by side, with their tops

in the same direction, and that, therefore, the bottles did not fall from appellant's car, but had been previously placed in this location by some other party. The whole situation with regard to the ditch, the amount of grass therein, its depth and situation, the location of the bottles, and their situation with reference to the cushions, tools, and portions of the car; and the situation of the appellant, and all of the surrounding facts and circumstances, were in evidence. It is obvious that, under these circumstances, the admission of the exhibits in evidence was proper.

VI. It is argued that the sentence imposed was excessive. In *State v. Webb,* 202 Iowa 633, we said:

"There is probably no greater danger to the traveling public today than that of an intoxicated man, driving a car."

The sentence is indeterminable. We think the sentence of imprisonment in the penitentiary was proper, and under such circumstances we do not interfere. The situation is ruled by *State v. Giles,* 200 Iowa 1232, and *State v. Overbay,* 201 Iowa 758. The judgment is, accordingly,—*Affirmed.*

EVANS, C. J., and STEVENS and VERMILION, JJ., concur.