STATE OF IOWA, Appellee, v. FLOYD BRYANT, Appellant.

No. 39239.

JUNE 24, 1929.

*C. H. Van Law,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *Roy L. Pell,* County Attorney, for appellee.

STEVENS, J.—I. The evidence in this case is not in dispute. The correctness of the rulings of the court which it is claimed were erroneous, and upon which a reversal is asked, is raised by objections to testimony and exceptions to the court's instructions. Primarily, the basis of the appeal is an alleged erroneous construction of the statute.

The prosecution is under Section 1924 of the Code of 1927, which makes it unlawful for any person to have possession of any intoxicating liquor, except as provided by Title VI of the

Code, relating to intoxicating liquors. The contention of appellant is that the county attorney's information charged a nuisance, and that proof that the liquor was kept at a place with the intent to sell the same contrary to law is essential to conviction. The information charges only the unlawful possession of intoxicating liquors with the intent to own and possess the same. No attack was made upon the information whatever. The court in its instructions advised the jury that:

"The law of Iowa provides that no one shall, for himself or any person else, directly or indirectly, have possession of any intoxicating liquor, except as provided by law. The law also provides that whoever shall use any building or place for such purpose shall be guilty of a nuisance."

Section 1930 of the Code provides:

"Whoever shall erect, establish, continue, or use any building, erection, or place for any of the purposes herein prohibited, is guilty of a nuisance, * * *"

The liquor in question was taken under a search warrant from a farm occupied as a tenant by appellant's mother. Three bottles containing alcohol were seized, together with a number of empty bottles and cartons in boxes used to contain bottles. Appellant admitted to the officers that he was the owner of the liquor, and then proposed to plead guilty. The bottles were concealed in a row of trees along the highway. Whether they were thus placed or concealed for the purpose of sale or personal use is not shown. There was no building or erection on the premises near the place where the liquor was kept. The location selected by appellant for the preservation of the bottles was a place, within the meaning of the statute. Being in the unlawful possession of intoxicating liquor at a place, within the meaning of that term as used in the statute, he was guilty of a nuisance, as defined thereby. The instructions, therefore, were not erroneous. *State v. Boever,* 203 Iowa 86; *State v. Wareham,* 205 Iowa 604.

II. The empty bottles taken from the premises were admitted in evidence, as was also the testimony of the officers as to the statements made by the defendant to them at the time of the

 seizure. Timely objection was made to the introduction of this testimony. It is true, as claimed by appellant, that, at the time the statements were made, he was not under arrest. He knew that he presently would be, and he did, in fact, accompany the officers to town. The admission was clearly admissible. The empty bottles tended to throw some light upon the situation. In any event, the evidence of the State is not disputed, and the court properly instructed the jury that proof of a sale or offer to sell intoxicating liquor was not necessary. Proof of the unlawful possession was sufficient. The evidence as to the empty bottles and cartons could not, even if erroneous, in the state of the record, well have been prejudicial. The interpretation placed by the court upon the statute is in harmony with what is said in *State v. Boever*, supra. The claim of misconduct by the county attorney in his opening statement to the jury is not made out by the record, and cannot avail the appellant.

The judgment is affirmed.—*Affirmed.*

All the justices concur.