STATE OF IOWA, Appellee, v. DENISON PEARCE, Appellant.

No. 45531.

JANUARY 13, 1942.

REHEARING DENIED MAY 8, 1942.

Hobart E. Newton and Boyd M. Cambridge, for appellant.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, and Roscoe S. Jones, County Attorney, for appellee.

HALE, J.—The defendant was indicted for the crime of operating a motor vehicle while intoxicated. To the indictment he entered a plea of not guilty. At the close of the State's testimony defendant filed a motion for directed verdict, which was renewed at the close of all testimony, and both motions were overruled. Later the defendant filed exceptions to the instructions and motion for a new trial, which were overruled, and judgment was entered on the verdict, and defendant appeals.

Through error as to date defendant was granted an extension of time to file abstract, to which order the State consented. The order was afterwards set aside, but the abstract was not filed even within the extended time, although there was an oral arrangement between the State and the defendant that further extension might be had. Since the time for filing abstract had expired on the date of the original order it should not now be considered. However, in view of the apparent misunderstanding, we have carefully examined the clerk's transcript, the abstract, argument, and the transcript of the evidence in the case.

There was sufficient evidence to support the verdict. The court was right in allowing the bottle found in defendant's possession to be introduced and considered as a part of the evidence. State v. Jenkins, 203 Iowa 251, 212 N. W. 475. Nor would it have been proper to single out this testimony and comment thereon in the instructions, nor was there any request therefor. In defendant's exceptions to instructions and motion for new trial he charged that the court erred in refusing to permit a witness for defendant to testify as to whether or not the defendant was intoxicated. The reason for the refusal of the court was that the witness had not such opportunity for observation as to be competent, and the evidence was properly excluded. The motion for new trial, on the ground of alleged newly discovered evidence, was properly overruled, since the testimony was at best merely cumulative and related to the

condition of defendant's clothes, of which testimony had already been given by both the State and defendant. There was, of course, testimony as to intoxication and to the contrary, but it was for the jury to determine, under all the evidence and the instructions of the court, in which we find no error, the question of defendant's guilt or innocence; and the sentencing of the defendant to a term in jail was not an abuse of discretion.

On full consideration of all the matters submitted to us we feel that the cause should be, and it is, affirmed.—Affirmed.

BLISS, C. J., and STIGER, SAGER, OLIVER, MILLER, WENNERSTRUM, and GARFIELD, JJ., concur.