STATE OF IOWA, Appellee, v. W. H. CHRISTIANSEN, Appellant.

No. 45785.

JANUARY 13, 1942.

REHEARING DENIED MAY 8, 1942.

Clark & Clark and Bell & Level, for appellant.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, Milo Jensen, and Floyd E. Page, for appellee.

MILLER, J.—Defendant was indicted for the crime of embezzlement by an agent, in violation of section 13031 of the Code, 1939. He entered a plea of not guilty. Trial resulted in a verdict of guilty. The jury fixed the amount embezzled at more than $21. Motion to set aside the verdict and for new trial was overruled and defendant was sentenced to an indeterminate term in the penitentiary not to exceed five years.

On April 3, 1941, an appeal was perfected to this court. On April 11, 1941, notice of intention to submit the cause upon printed abstract and brief, pursuant to Rule 32, was served upon the clerk of this court and the attorney general. Abstract of the record was served on August 7th and filed with the clerk of this court on August 8, 1941. The brief and argument was served and filed on August 16, 1941.

Thereafter, the attorney general filed a motion to strike appellant's abstract of the record because the same was not served and filed within 120 days following the perfection of the appeal, said 120 days having expired August 2d and the abstract having been filed August 8, 1941. Pursuant to our holding in State v. Dunley, 227 Iowa 1085, 290 N. W. 41, and cases cited therein, the motion to strike the abstract was sustained. Appellant then filed a motion to reconsider the ruling on the motion to strike the abstract, invoking Rule 33 of this court. This motion and the resistance thereto were ordered submitted with the case.

█ As the matter now stands with appellant's abstract stricken, the only record before us is the clerk's transcript. Under the provisions of section 14010 of the Code, 1939, it is our duty to examine the transcript of the record without regard to technical errors or defects which do not affect the substantial rights of the parties and render such judgment on that record as the law demands. See State v. Dunley, supra; State v. Evans, 229 Iowa 932, 295 N. W. 433.

█ The clerk's transcript presents to us a question similar

to that presented in the case of State v. Neville, 227 Iowa 329, 228 N. W. 83, in that the record here shows that a conversation occurred between the county attorney and a juror in the office of the county attorney during the trial of the case. The counter-affidavits of the county attorney and the juror assert that nothing improper occurred during this conversation, it was had with the juror standing in the open door to the county attorney's office, with the county attorney sitting behind his desk some distance away and with the door to the outer office also open. These counter-affidavits also assert that during a substantial portion of the time, the county attorney's stenographer was in the outer office and her counter-affidavit lends further support to the version asserted by the county attorney and the juror.

The situation presented herein differs from that presented in the case of State v. Neville, supra, in that here the alleged misconduct was brought to the attention of counsel for the defendant during the trial and before the submission of the case to the jury. However, the defendant made no complaint to the trial court and did not assert the alleged misconduct as a ground for mistrial until after the verdict of the jury had been returned. Under such circumstances, the court did not abuse its discretion in refusing to grant a new trial. See Stilwell v. Stilwell, 186 Iowa 177, 172 N. W. 177.

The motion for new trial raises many grounds, practically all of which are based upon errors asserted to have occurred during the introduction of evidence and cannot be passed upon by us without the abstract. Many of the court's instructions were objected to but the objections almost without exception are based upon an asserted lack of evidence to justify the giving of the instructions complained of. Here again we cannot pass upon the questions involved without an abstract before us. We have carefully examined the transcript of the record. Considering it without the abstract, we find nothing that would warrant or justify a reversal.

This brings us to consideration of appellant's motion to reconsider the ruling on the motion to strike the abstract, invoking Rule 33 of this court. Said rule provides that when, by reason of peculiar circumstances, the rules relating to the

abstract ought to be waived or modified, application therefor may be made to the court in term time or to any judge in vacation. We are not conscious of this rule ever having been invoked under circumstances directly analogous to those presented to us herein. In view of our very definite pronouncements heretofore relating to the duty of an appellant in a criminal case to comply with section 12847 of the Code, 1939, in reference to the filing of an abstract and our repeated holdings that failure to comply with such statute forfeits the right to file the abstract, we are disposed to the view that the circumstances should be very exceptional indeed to permit the filing of an abstract after the right thereto had become lost.

However, in our recent case of State v. Pearce, 231 Iowa 443, 1 N. W. 2d 621, where, through misunderstanding, an extension of time was granted after the right to file an abstract was lost, we did undertake to examine the abstract to determine whether or not error was shown therein which would justify exceptional leniency in view of the circumstances involved.

In line with our action in that case, we have examined the abstract herein together with appellant's argument thereon. While appellant forcefully contends herein that the trial court made many flagrant errors and that the trial was conducted in such a manner as to constitute a grievous miscarriage of justice, we are disposed to the view that counsel's enthusiasm for the cause of their client is not warranted by the record herein.

As heretofore pointed out, the indictment charges embezzlement by an agent contrary to section 13031 of the Code, 1939. The record is undisputed that the defendant acted as agent and as such agent received a substantial sum of money, some of which he still retains. In undertaking to account therefor, he credits himself with certain commissions or fees. One of the propositions asserted is that the accounting made constitutes a complete defense to this prosecution.

Section 13033 provides that in a prosecution under section 13031 it shall be no defense that the agent was entitled to a commission or compensation out of the money or property as compensation or commission for collecting or receiving the same on behalf of the owner thereof. On this phase of the case, the

court in instruction No. 8 advised the jury that if the defendant retained and converted to his own use, as compensation for collecting and receiving the money involved herein, a sum in excess of the amount of reasonable compensation for so collecting or receiving such funds it "would not constitute embezzlement if defendant retained and converted to his own use the same in good faith as to what he deemed to be reasonable compensation; and the retention and conversion of such funds, if any, can in no case be unlawful unless the State establishes by the evidence beyond a reasonable doubt that the amount, if any, in excess of reasonable compensation was retained and converted by defendant to his own use with the unlawful and felonious intent and purpose on defendant's part to wrongfully and feloniously deprive Richard Barten of the same and was not so retained or converted by defendant as an amount which defendant believed to be reasonable compensation and to which he believed himself entitled."

Without undertaking to interpret section 13033 of the Code as applied to section 13031, we are satisfied that the court's instruction No. 8 was without prejudice to the defendant and, since we are also satisfied that there was evidence to warrant the jury finding defendant guilty of embezzlement as defined by said instruction No. 8, we are disposed to the view that, on the broad aspects of the case, the conviction of defendant was not an obvious miscarriage of justice and that the record does not warrant invoking Rule 33 as the defendant would have it invoked.

Numerous other errors are asserted. Many of them charge that the court abused its discretion in the conduct of the trial. We are of the opinion that the court did not abuse its discretion to the point which would warrant interference by us. Defendant made a motion for directed verdict which was overruled. This ruling was assigned as error. As above indicated, we find no merit in the assignment. Complaint is made upon rulings on the introduction of the evidence. While some of the questions presented are troublesome, we are not disposed to interfere. Complaint is made of the conduct of counsel and the court. The case apparently was hotly contested. As often oc-

530

curs in such cases, rather vigorous methods were employed, but, considering the circumstances shown by the record as a whole, we are not disposed to interfere with the judgment appealed from. All in all, defendant was given ample opportunity to present his defense. Disputed questions of fact were submitted to the jury. Its verdict is supported by evidence. Its finding is binding upon us. We see no occasion to interfere.

The judgment is affirmed.—Affirmed.

BLISS, C. J., and GARFIELD, OLIVER, STIGER, HALE, SAGER, and WENNERSTRUM, JJ., concur.