STATE OF IOWA, appellee, v. VINCENT G. FINNEGAN, appellant.

No. 47938.

(Reported in 55 N.W.2d 223)

OCTOBER 14, 1952.

REHEARING DENIED DECEMBER 19, 1952.

Raymond Rosenberg, of Des Moines, and John Donahey, of Panora, for appellant.

Robert L. Larson, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and Robert Y. Taylor, County Attorney, for appellee.

GARFIELD, J.—The indictment charged defendant with the third offense of operating a motor vehicle while intoxicated as defined in section 321.281, Code, 1950. However, the indictment alleged three prior convictions, not merely two, the first on December 4, 1936, all in Guthrie County.

Defendant demurred to the indictment. Only ground of the demurrer necessary to mention was in substance that since three previous convictions were alleged defendant was actually charged with a fourth offense and section 321.281, Code, 1950, provided no punishment for any offense higher than the third.

After the demurrer was filed the court permitted the State, on its motion over defendant's objection, to amend the indictment by striking the allegation pertaining to the first previous conviction on December 4, 1936. Defendant then demurred to the indictment as amended on the ground, in substance, it appears therefrom, together with the minutes attached thereto, that defendant was still charged with a fourth offense not covered by section 321.281. The demurrers were overruled.

Upon trial the jury returned a verdict of guilty of a second offense. From judgment and sentence on the verdict defendant has appealed. Aside from a ruling on a question of evidence complaint is made of the overruling of the demurrers to the indictment and the permission given to amend it. Defendant argues that both the original indictment and the amended one really charge a fourth offense of "drunken driving" for which Code section 321.281 provided no punishment.

It is true section 321.281, prior to its amendment by the Fifty-fourth General Assembly in 1951, made no express provision for punishment of any offense higher than the third. At the time of the principal offense here charged, 321.281, so far as now material, stated:

"Whoever, while in an intoxicated condition * * * operates a motor vehicle * * * shall, upon conviction * * * be punished, for the first offense by * * *; for the second offense by * * *; and for a third offense by imprisonment in the penitentiary for a period not to exceed three years."

Chapter 118, Acts of the Fifty-fourth General Assembly, amended the above statute by inserting after the words "third

offense" the words "and each offense thereafter." However, this amendment was passed after the main offense here charged was committed and is not applicable to the present case.

■ I. Since defendant was not tried under the original indictment we might decline to consider whether it was demurrable on the ground asserted by defendant. If the amendment to the indictment was rightly permitted and the amended indictment under which defendant was tried was not subject to the demurrer thereto, defendant may not complain of the ruling on his demurrer to the original indictment because he was not prejudiced by it. State v. Kiefer (Ladd, J.), 183 Iowa 319, 331, 163 N.W. 698, holds defendant was not prejudiced by an unauthorized amendment to an indictment where he was not tried thereunder.

■ We are clear, however, that the original indictment was not demurrable on the ground urged by defendant. As previously stated, the indictment charged only a third offense "as defined in section 321.281." Such an offense was clearly punishable by section 321.281 as it then stood. It does not follow from the fact the indictment went on to allege unnecessarily three prior convictions rather than two that defendant was charged with a fourth offense for which the statute provided no punishment.

Code section 773.3 states in part that an indictment may charge an offense by using the name given it by statute and "may refer to * * * any statute creating the crime charged therein, and in determining the validity or sufficiency of such indictment regard shall be had to such reference." The charging part of the indictment used the name "third offense" which is found in the statute and referred to section 321.281 which creates the crime charged.

■ If defendant had been tried under the original indictment, the allegation of the first prior conviction which was stricken by the amendment might have been disregarded as surplusage in accordance with Code section 773.30 which provides, "Any allegation unnecessary under existing law * * * may, if contained in an indictment, be disregarded as surplusage." See in this connection State v. Murray, 222 Iowa 925, 931, 270 N.W. 355; State v. Anderson, 125 Iowa 501, 101 N.W. 201; State v. Ansaleme, 15 Iowa 44, 46; 42 C. J. S., Indictments and Informa-

tions, section 155a, page 1086; id., section 155b(3), page 1091; 27 Am. Jur., Indictments and Informations, section 109, page 670 ("and a fact stated may be rejected as surplusage if it is merely in aggravation, so that it may be stricken out and yet leave the offense fully described."). See also State v. Briggs, 68 Iowa 416, 27 N.W. 358.

42 C. J. S., Indictments and Informations, section 222h, states "An indictment * * * is not demurrable * * * for the presence of surplusage * * *."

Our conclusion that the original indictment was not rendered invalid by alleging three prior convictions rather than two finds support in Code section 773.29 which states: "No indictment shall be invalid * * * by reason of any repugnant allegation contained therein; provided that an offense is charged in accordance with the provisions of section 773.3." We do not mean to say the allegation of three prior convictions was in fact repugnant. But if it were, the indictment would not be invalid because thereof.

Nothing in this opinion is to be taken as an approval of the implication running through defendant's argument that one who had been convicted more than twice of "drunken driving" was, prior to the amendment of Code section 321.281 in 1951, immune from punishment for a subsequent offense except perhaps as a first offender. The amendment removes any possible doubt on that point as to offenses committed after it took effect and makes unnecessary any extended discussion of the meaning of the statute before it was amended.

 However, it seems absurd to contend in effect that if one had previously been convicted more than twice he had not been convicted twice so as to be punishable as a third offender. We think one who had three prior convictions necessarily had two such convictions just as the greater includes the lesser in mathematics and, upon committing a subsequent offense, was punishable as a third offender. Of course section 321.281 provided no greater punishment for a subsequent offense higher than the third.

It may be well at this point to call attention to our holding in State v. Barlow, 242 Iowa 714, 721, 46 N.W.2d 725, 729, that Code section 321.281 merely provides increased punishment for

second and third offenses and failure to prove the prior convictions as charged does not prevent conviction for the principal offense.

■ II. What we have said is really determinative of the appeal except for the question of evidence presented. However, we will say we have no doubt of the propriety of permitting the amendment to the indictment. As above explained it merely eliminated an unnecessary allegation which without the amendment could have been disregarded as surplusage. Accordingly defendant was not prejudiced by the withdrawal of the allegation of the first prior conviction.

■ The law seems to be plain that an indictment may properly be amended to eliminate surplusage. State v. Gardiner, 205 Iowa 30, 33, 215 N.W. 758; 42 C. J. S., Indictments and Informations, section 240, page 1256 ("*Surplusage* may be stricken by amendment * * *."). See also State v. Bamsey, 208 Iowa 802, 807, 226 N.W. 57.

Code section 773.42 provides: "The court may, on motion of the state, and before or during the trial, order the indictment so amended as to correct errors or omissions in matters of form or substance."

The most that can be properly contended is that the allegation of the first previous conviction was an error in a matter of substance although we have indicated our feeling it does not amount to an error.

There is no merit to defendant's contention that permitting the amendment was contrary to section 773.45, which says: "Such amendment shall not be ordered when it will have the effect of charging the accused with an offense which is different than the offense which was intended to be charged in the indictment as returned by the grand jury."

The premise to defendant's argument on this point is that the grand jury intended to charge a fourth offense for which section 321.281 made no provision. From this it is argued the indictment could not be amended to charge a third offense in violation of statute. As we have indicated, we think this premise is untenable.

■ III. It is obvious that if, as we have said, the original indictment was not demurrable on the ground urged by defend-

ant the amended indictment was not subject to demurrer upon a like ground. The amendment removed from the indictment the allegation of the first prior offense so only two previous convictions were alleged. The amended indictment was not rendered demurrable by a reference to the first previous offense in minutes of testimony attached to the indictment. Such minutes are not part of the indictment. State v. Briggs, supra, 68 Iowa 416, 420, 27 N.W. 358. Grounds of demurrer must appear on the face of the indictment. Code section 777.2; State v. Lamb, 239 Iowa 176, 180, 30 N.W.2d 734, 736; State v. Boucher, 237 Iowa 772, 23 N.W.2d 851.

IV. We consider now the question of evidence presented. The indictment grew out of defendant's driving his truck just before he stopped at the side of a country road about mid-afternoon. The sheriff, who had followed defendant for about three and one-half miles, arrested him and took him to the county seat. On cross-examination of the sheriff defendant sought to show he hated to leave his truck on the highway and did show that the sheriff returned to the truck about two hours later for the purpose of checking it. On redirect examination the sheriff testified without objection that upon his return he examined the truck for articles that might be stolen from it and, over defendant's objection of incompetent, irrelevant, immaterial and not proper redirect examination, he found in the truck two boxes each containing six cans of beer. These articles were then received in evidence over like objection.

That this evidence was received on redirect examination presents no ground for reversal. It was somewhat explanatory of testimony brought out on cross-examination. Further, it was within the court's discretion to admit the evidence on redirect examination if it would have been proper on direct. 58 Am. Jur., Witnesses, section 562; 70 C. J., Witnesses, section 862. See also Robson v. Barnett, 241 Iowa 1066, 1071, 44 N.W.2d 382, 384, and citations.

It is argued that because the cans were unopened defendant could not have drunk from them and the evidence therefor has no bearing upon the issue of his intoxication. It is also contended the evidence was inadmissible because, it is said, it was not shown the exhibits were in the truck when defendant was ar-

rested. We are not persuaded the admission of this evidence was reversible error.

The finding is warranted that the exhibits were in the truck when defendant was arrested. Defendant brought out on re-cross-examination of the sheriff that he then saw on the seat of the truck the boxes containing the cans but was unable to take them at that time because defendant was too hard to handle and it was necessary to go back to get them. It is not probable some one else would "plant" these cans of beer in the boxes in which they were found in the truck during the time it was parked at the side of a country road. As a witness defendant did not deny the beer was his. See in this connection State v. Jenkins, 203 Iowa 251, 253, 254, 212 N.W. 475.

Of course defendant could not have drunk the beer found in his truck. Nevertheless its presence there tended to throw some light on the situation. Our conclusion as to the admissibility of these exhibits finds some support in State v. Pearce, 231 Iowa 443, 1 N.W.2d 621; State v. Salisbury, 209 Iowa 139, 142, 227 N.W. 589; State v. Bryant, 208 Iowa 816, 225 N.W. 854; State v. Jenkins, supra, 203 Iowa 251, 253, 254, 212 N.W. 475.

If it were true, as defendant argues, that the exhibits prove nothing, their receipt in evidence could hardly have been prejudicial so as to require a reversal. See State v. Stuart, 241 Iowa 1004, 1006, 43 N.W.2d 702, 703, and citations, especially State v. Bryant, supra, 208 Iowa 816, 225 N.W. 854.—Affirmed.

All JUSTICES concur.