**STATE of Iowa, Appellee,**

v.

**Arnold Raymond MILLIKEN, Appellant.**

**No. 55606.**

Supreme Court of Iowa.

Feb. 21, 1973.

Donald C. Wilson, of Lundy, Butler, Wilson & Hall, Eldora, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and Clark E. McNeal, Eldora, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, HARRIS and McCORMICK, JJ.

RAWLINGS, Justice.

Defendant appeals from judgment entered on jury verdict finding him guilty of operating a motor vehicle while under the influence of an alcoholic beverage, second offense. We reverse.

The statutorily proscribed act for which defendant, Arnold Raymond Milliken, was charged, tried and convicted, occurred August 5, 1971, in Iowa Falls. When arrested he was asked to step out of the car being driven by him, then walk and perform a balance test. The arresting officer later testified to the effect that when apprehended Milliken's breath smelled of alcohol, his eyes were bloodshot and pupils dilated, he encountered difficulty in taking a billfold from his pocket and in performing the aforesaid sobriety test. Upon arrival at the police station defendant was requested to take the change from his pocket and remove his belt. Defendant thereupon threw some coins on the floor. He also refused an offered blood, saliva or breath test. Other pertinent testimony will be later set forth as it relates to issues instantly presented.

In support of a reversal it is contended trial court erroneously (1) overruled defendant's motion for a bill of particulars, (2) sustained State's objection to certain opinion eliciting questions put to defendant, (3) gave instructions 14 and 15, (4) denied defendant's motion for a new trial, (5) sentenced defendant to confinement in a penal institution because of his indigency.

These assignments will not be considered in the order presented.

I. Our first and probably most salient problem is whether instructions 14 and 15 served to place improper emphasis upon evidence adverse to the accused.

The jury was thereby told:

### "INSTRUCTION NO. 14

"You are instructed that the presence of the odor of liquor or alcohol on the Defendant's breath at the time of his arrest would not in itself alone be proof that he was under the influence of an alcoholic beverage, but if you find it to be a fact that there was the odor of liquor or alcohol on the Defendant's breath at the time and place in question, you may consider that fact with all the other pertinent facts and evidence in arriving at whether or not the Defendant was under the influence of an alcoholic beverage.

### "INSTRUCTION NO. 15

"You are instructed that it is not necessary for the State to prove or show how many drinks the defendant had or what quantity or kind of alcoholic beverage the Defendant consumed, or when or where he consumed it, and it is often difficult, if not impossible, to do so. The only burden on the State in this respect is to prove that at the time and place alleged in the Information the Defendant was under the influence of an alcoholic beverage."

The record further reveals defendant interposed these timely objections to the above quoted instructions:

"This is objected to for the reason that it singles out one individual item or fact and places undue emphasis upon it and is properly included in the matters set forth in Instruction 17, which adequately covers the matter, and because of such undue emphasis, it is prejudicial to the Defendant. The Defendant objects to Instruction No. 15 for the reason that it comments on a particular type

of evidence which the State need not prove and comments that it is often difficult, if not impossible, to do so, and the entire instruction is prejudicial to the Defendant because it places undue emphasis on particular evidence or lack thereof and is just one of the several facts that the State must prove and which are adequately covered elsewhere in the instructions."

These objections were again voiced and enlarged upon in defendant's motion for a new trial which was overruled.

With regard to the foregoing it is also essential we consider instruction 17, which states:

"In determining whether the Defendant was under the influence of an alcoholic beverage at the time and place alleged in the Information, you should take into consideration the evidence, if any, of the manner of his driving, his actions and conduct, his manner of speech, his appearance, and all of the facts and circumstances shown in the evidence, and from them all, determine whether he was under the influence of an alcoholic beverage, as defined in these instructions, at the time and place alleged in the Information."

One of the landmark cases on the subject now before us is State v. Proost, 225 Iowa 628, 635–636, 281 N.W. 167, 170 (1938), where this court aptly stated:

"Examination of our prior decisions involving instructions containing recitations of facts or circumstances which have probative force upon issues tendered, reveals that instructions reciting facts militating against one party, without a recitation of facts favorable to his contention, are improper and erroneous; and likewise reveals that an instruction which gives undue prominence to evidentiary facts to be determined by the jury is erroneous, as it thereby unduly magnifies the importance of the particular testimony thus selected for specific mention.

" 'The office of an instruction is to state the rule of law applicable and pertinent to the matter to be determined, and not to marshal the evidence, or by special mention to give undue prominence to any particular phase or feature of the fact case-made by either party to the controversy.' Kelly v. Railway Co., 138 Iowa 273, 277, 114 N.W. 536, 538, 128 Am.St.Rep. 195.

"In the case of Van Norman v. Modern Brotherhood, 143 Iowa 536, 121 N. W. 1080, the following language is used (page 551 of 143 Iowa, page 1085 of 121 N.W.):

" 'The practice of embodying in an instruction a recitation of facts on which a party relies is not to be encouraged because of the tendency to thereby unduly magnify the importance of the matters thus selected for specific mention.'

"Again in the case of Whitman v. Railway Co., 171 Iowa 277, 153 N.W. 1023, the court used the following language (page 281 of 171 Iowa, page 1025 of 153 N.W.):

" 'The court should not emphasize or give undue prominence to evidentiary facts, the existence or nonexistence of which must be settled by the jury. * * *.' "

See also State v. Gillespie, 163 N.W.2d 922, 927 (Iowa 1969); State v. Haesemeyer, 248 Iowa 154, 164–165, 79 N.W.2d 755 (1956); State v. Cotton, 240 Iowa 609, 638–639, 33 N.W.2d 880 (1948); State v. Williams, 238 Iowa 838, 844–846, 28 N.W. 2d 514 (1947); State v. Dunne, 234 Iowa 1185, 1193–1195, 15 N.W.2d 296 (1944); State v. Pearce, 231 Iowa 443, 444, 1 N. W.2d 621 (1942).

The evil attendant upon instructions such as 14 and 15 here given is that they tend to lead a jury to dissociate the evidence thus emphasized from all other evidence they are duty bound to consider. The proper practice is to give a general instruction, such as 17, *supra*, applicable to all

witnesses alike. See generally 53 Am.Jur., Trial, §§ 566–567; 88 C.J.S. Trial § 340; cf. State v. Bester, 167 N.W.2d 705 (Iowa 1969).

Since the instant instructions were erroneously given we find prejudice is clearly evident. See State v. Bester and State v. Cotton, both *supra*. See also Re Condemnation of Land (Johnson County), 256 Iowa 43, 50–51, 126 N.W.2d 311 (1964); State v. Faught, 254 Iowa 1124, 1133, 120 N.W.2d 426 (1963); State v. Haesemeyer and State v. Dunne, both *supra*.

In light of the foregoing this case must be reversed and remanded for a new trial.

■ II. Under these circumstances the error here asserted regarding trial court's refusal to sustain defendant's motion for a bill of particulars becomes moot. Stated otherwise, all relevant information preliminarily sought by Milliken must surely have been divulged and thus known to him in course of the first trial. See State v. Evans, 169 N.W.2d 200, 205 (Iowa 1969). See, however, Williams v. Florida, 399 U. S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970); State v. Galloway, 167 N.W.2d 89, 90–91 (Iowa 1969); State v. Eads, 166 N. W.2d 766, 768–771 (Iowa 1969); Fed.R. Crim.P. 16; ABA Standards Relating to Discovery and Procedure Before Trial, §§ 2.1–4.6, and commentaries (Approved Draft); Hall-Kamisar-LaFave-Israel, Modern Criminal Procedure, Chapter 21 at 1001, et seq. (3d ed. and 1970 Supp. at 181, et seq.); 84 Harv.L.Rev. 30 at 170–171; Annot., 7 A.L.R.3d 8.

III. Some other questions here posed which may again arise on retrial will now be accordingly entertained.

First to be considered is the assertion trial court erroneously refused defendant leave to answer two "state of mind" questions asked of him on direct examination.

While testifying for the prosecution officer Sunken was permitted to express his opinion to the effect there was danger of a pre-arrest collision between defendant's vehicle and an oncoming truck. In an attempt to counter that evidence the defendant, while testifying in his own behalf, was asked this question: "Was there at any time any danger of your colliding with that truck?" As indicated above trial court sustained the State's "calling for opinion and conclusion" objection. See generally Olson v. Katz, 201 N.W.2d 478, 481–482 (Iowa 1972), and citations.

On another occasion State's witness Sunken, after relating that defendant, as aforesaid, threw money on the police station floor also stated, defendant tried to pick up the coins but did not do too well so Sunken and another officer placed defendant in a cell and retrieved the money. When defense counsel later asked Milliken whether he could have picked up the coins if allowed to do so his affirmative answer was promptly stricken by trial court, *sua sponte*, on the State's "opinion and conclusion" objection.

For purpose of discussion it will be assumed defense counsel, if essential, made timely and adequate offers of proof. See generally Lemke v. Mueller, 166 N.W.2d 860, 870–871 (Iowa 1969); Rule 103, Rules of Evidence for United States Courts and Magistrates (effective July 1, 1973), 56 F. R.D. 183, 194–196; 1 Wigmore on Evidence, § 17 (3d ed.); 53 Am.Jur., Trial, §§ 99–102; 88 C.J.S. Trial §§ 73–83; Annot., 89 A.L.R.2d 279. Compare with Hartwig v. Olson, 261 Iowa 1265, 1271–1272, 158 N.W.2d 81 (1968).

■ It is understood the admission of opinion evidence, including that relating to nonexpert state of mind, rests largely in the sound discretion of trial court. See generally Olson v. Katz, *supra*; McCormick, Opinion Evidence in Iowa, 19 Drake L.Rev. 245 at 270, and citations.

Such discretion is not, however, without limitation. It must be exercised fairly and impartially by application of relevant guiding principles to all known or available facts to the end that justice be more nearly

effectuated. See Thornberry v. State Board of Regents, 186 N.W.2d 154, 161 (Iowa 1971); Jones v. Iowa State Highway Commission, 185 N.W.2d 746, 749 (Iowa 1971).

Turning now to merits of, the issue at hand, we held in Torrence v. Sharp, 246 Iowa 460, 463, 68 N.W.2d 85 (1955), a lay witness may properly express his belief as to whether, upon starting across a street, he thought it safe to do so. Compare with Draeger v. Heckman-Reynolds Co., 247 Iowa 1259, 1261–1263, 78 N.W.2d 851 (1956). See also 7 Wigmore on Evidence §§ 1919, 1962–1963 (3d ed.); McCormick on Evidence, § 11 at 21; Rule 701, Rules of Evidence for United States Courts and Magistrates (effective July 1, 1973), 56 F. R.D. 183, 281; McCormick, Opinion Evidence in Iowa, 19 Drake L.Rev. at 250, and citations.

■ By application of pertinent principles to the record before us it would appear trial court erred in sustaining the State's objections to defendant's aforesaid evidential state of mind proffer. Moreover, since officer Sunken's opinion evidence was initially admitted it fairly follows defendant's attempt to counter same should have been allowed. See State v. Asbury, 172 Iowa 606, 614–615, 154 N.W. 915 (1915).

■ IV. Finally, defendant claims trial court also erred in sentencing him to the penitentiary because he could not pay a fine.

Milliken's indigency is not disputed. Referring thereto, at time of sentencing, trial court stated:

"Well, the penalty here is a fine of not less than $500.00 nor more than $1,000.00 or imprisonment in the penitentiary not more than one year or both such fine and imprisonment. There is no jail sentence possible in this case, except possibly to coerce payment of a fine. The Defendant has taken the position that he is a pauper, and his attorney is here at State expense, so it is doubtful that he could pay a fine that would be reasonable in this case. I am convinced that he ought to spend some time in prison or in jail and the only possibility of that is by sending him to the penitentiary for not more than one year."

The foregoing reference to Milliken's pauperism is difficult to understand and at best unfortunate. On one hand it could denote an innocent and superfluous colloquial rationalization by the sentencing judge. It may also be construed, however, as an openly expressed determination that defendant's inability to pay a reasonable fine, per se, dictated an institutional commitment. If the former it must still be condemned, but if the latter it was patently impermissible. See State v. Snyder, 203 N.W.2d 280, 286–292 (Iowa 1972).

In any event, it is assumed the matter of defendant's indigency will play no wrongful or improper part in any phase of the sentencing process should the jury, on retrial, again return a guilty verdict.

Consequently a more precise determination of the instant issue is deemed unnecessary.

V. Our review of the whole record reveals defendant was not accorded a fair trial. See Code § 793.18; State v. Dunn, 199 N.W.2d 104, 110 (Iowa 1972). His new trial motion should have been sustained.

Reversed and remanded for a new trial.