STATE of Iowa, Appellee,

v.

William HEPBURN, Jr., Appellant.

No. 61229.

Supreme Court of Iowa.

Oct. 18, 1978.

John R. Hearn, of Payton & Hearn, P.C., Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Ann Fitzgibbons, Asst. Atty. Gen., Des Moines, Dan L. Johnston, County Atty. and Robert A. Burnett, Jr., Asst. County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ.

HARRIS, Justice.

Defendant William Hepburn, Jr., appeals his conviction of operating a motor vehicle while under the influence of an intoxicating beverage, second offense, in violation of § 321.281, The Code. He challenges a jury instruction and the propriety of a trial court ruling by which the same jury that had found him guilty of the principal of-

fense reconvened to consider the State's claim of a prior conviction. We affirm the trial court.

The facts surrounding defendant's arrest are not at issue in this appeal. Defendant limits his challenge to the two assignments of error.

I. Over defendant's objection the trial court, drawing from Iowa uniform jury instruction # 520.4, instructed the jury as follows:

"Instruction # 9. You are instructed that it is not necessary for the State to establish how or in what manner the defendant was operating a motor vehicle; all that is necessary in this respect is to establish beyond a reasonable doubt that the defendant operated a motor vehicle on a public highway or street in the State of Iowa while under the influence of an alcoholic beverage.

"On the other hand, the fact, if it be a fact, that the defendant was operating a motor vehicle in an irregular manner or contrary to any regulation for the operation of motor vehicles on the highway, would not be sufficient to establish that he was under the influence of an alcoholic beverage, but the evidence introduced concerning the manner in which he operated such motor vehicle should be given such weight, if any, as you think it should be given, together with all the other facts and circumstances as disclosed by the evidence in determining whether or not the defendant was under the influence of an alcoholic beverage."

This instruction was challenged at trial and on appeal on the basis of our holding in State v. Milliken, 204 N.W.2d 594 (Iowa 1973). In Milliken we disapproved an instruction which unduly emphasized particular evidence relating to the odor of alcohol on Milliken's breath. Defendant argues that instruction 9 in this case likewise unduly emphasized the manner in which he was driving at the time of his arrest. We disagree.

Our disapproval of the instruction in Milliken was partly due to the subject which the instruction unduly emphasized. This was the odor of liquor on the breath of the accused. An accused would be more prejudiced by undue emphasis of his use of alcohol than by undue emphasis on his manner of driving.

Milliken can be further distinguished. In Milliken we explained that the emphasis of alcoholic odors was compounded by giving an additional instruction on evidence of alcoholic consumption and its effect on the accused. In the additional instruction Milliken's trial court again directed the attention of the jury to specific aspects of the same subject.

At Hepburn's trial there were no additional instructions concerning the same subject and, hence, no cumulative adverse effect. The instruction Hepburn challenges was the only one which explained operation of a motor vehicle as an element of the offense.

Additionally, unlike the disapproved instruction in Milliken, the one challenged here does not refer to the testimony of particular witnesses. Neither does it refer to any particular item of evidence. Rather, in discussing the element of the offense, reference is to evidence that is general in nature.

The challenged instruction informed the jury on an important standard of proof. The subject of the instruction is of crucial importance to the State in prosecutions under § 321.281. It is obvious the jury needs to know of it. The instruction was adequate and fair. Defendant's first assignment is without merit.

II. The jury convicted defendant on evidence which related only to the principal offense. In reaching its verdict the jury never learned of his prior conviction of a similar offense. After defendant was found guilty, the same jury was reconvened to consider, pursuant to § 785.16, The Code, 1977 (since repealed and readopted as § 813.2, rule 18(9), The Code, 1977, Supp.), the claim that defendant had been previously convicted of OMVUI. Under § 321.281 a second offense OMVUI calls for significantly more serious punishment than does a conviction for a first offense.

Defendant objected to this procedure. He argues a different jury should have been convened to consider the State's claim of the prior offense.

Defendant raises three complaints against the procedure implemented pursuant to § 785.16. He claims the statute is unconstitutional on its face. He claims the statute is unconstitutional as applied in this case. And he claims the trial court, as a matter of policy, abused its discretion in applying the statute under the facts in this case.

■ Alternative claims are often made on identical grounds that a statute is unconstitutional (1) on its face (that is, per se) or (2) as applied in a given case. Although the aim of a litigant often might be to entirely strike a statute as unconstitutional, it is ordinarily enough for us to consider, with exceptions not applicable here, the narrower question of whether the statute is unconstitutional as applied in the case. If it is constitutional as applied, then, by definition, it is not unconstitutional on its face. And if it is constitutional as applied, the litigant cannot "borrow" the claim of unconstitutionality of another. *State v. Price,* 237 N.W.2d 813, 816 (Iowa 1976) and authority there cited; *State v. Willis,* 218 N.W.2d 921, 923 (Iowa 1974); Antieau, Modern Constitutional Law, § 15:36 (1969).

Section 785.16 provides:

"After conviction, but prior to pronouncement of sentence, if the indictment alleges one or more prior convictions which by the Code subject the offender to an increased sentence, he shall have the opportunity in open court to affirm or deny that he is identical with the person previously convicted. If he denies the identity, sentence shall be postponed for such time as to permit a trial before a jury on the sole issue of the offender's identity with the person previously convicted.

"The court may in its discretion reconvene the jury which heard the current offense or dismiss that jury and submit the issue of identity to another jury to be later impaneled. If the offender is found by the jury to be the person previously convicted, or if he acknowledges that he is such person, he shall be sentenced as prescribed in the Code."

We never have been called upon to consider the constitutionality of this section. We have, however, upheld the constitutionality of § 747.1, The Code, 1977, which provides for a bifurcated trial on the charge of being an habitual criminal. *State v. Wessling,* 260 Iowa 1244, 150 N.W.2d 301 (1967). See also *Wessling v. Bennett,* 410 F.2d 205 (8 Cir. 1969), cert. den. 396 U.S. 945, 90 S.Ct. 384, 24 L.Ed.2d 248 (1969).

In *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967) the petitioner claimed he was denied due process because of the admission of evidence relating to the primary offense charged as well as evidence of his prior conviction. The evidence complained of had been offered to support the State's request for a higher penalty upon conviction under a Texas recidivist statute. The supreme court held that where an instruction limited the use of the prior convictions, the petitioner's rights were not violated. The court went on to say:

"Tolerance for a spectrum of state procedures dealing with a common problem of law enforcement is especially appropriate here. The rate of recidivism is acknowledged to be high, a wide variety of methods of dealing with the problem exists, and experimentation is in progress. The common-law procedure for applying recidivist statutes, used by Texas in the cases before us, which requires allegations and proof of past convictions in the current trial, is of course, the simplest and best known procedure. Some jurisdictions deal with the recidivist issue in a totally separate proceeding, (Authority), . . . Texas to some extent has recently changed to that course. In some States such a proceeding can be instituted even after conviction on the new substantive offense, (Authority). The method for determining prior convictions varies also between jurisdictions affording a jury trial on this issue, (Authority); and those leaving that question to the court,

(Authority). Another procedure used in Great Britain and Connecticut, (Authorities), requires that the indictment allege both the substantive crime and the prior conviction, that both parts be read to the defendant prior to trial, but that only the allegations relating to the substantive crime be read to the jury. If the defendant is convicted, the prior-offense elements are then read to the jury which considers any factual issues raised. . . .

". . . To say that the two-stage jury trial in the English-Connecticut style is probably the fairest, as some commentators and courts have suggested, and with which we might well agree were the matter before us in a legislative or rule-making context, is a far cry from a constitutional determination that this method of handling the problem is compelled by the Fourteenth Amendment. . . ." 385 U.S. at 566–568, 87 S.Ct. at 655, 17 L.Ed.2d at 615–616.

The supreme court assumed juries are able to independently consider evidence on each issue in a recidivist offense trial.

We made the same assumption in considering an appeal from consolidated trials on two separate charges:

"Section 773.37, The Code, 1973, specifically allows joinder of separate offenses in one information where the offenses are committed in one transaction. The State may determine to try the cases together or separately. (Authority). The defendant's contention that he has a right to defend the counts in one information separately is squarely covered by the statute. The statute also intended for one jury to decide the separate charges arising from a single transaction.

"It was obviously the view of the legislature that the jury could sort out the issues upon proper instruction from the trial court. We are unable to discern any difficulty in this trial which would unduly complicate the questions presented for the jury to the prejudice of the defendant. . . ." State v. Reynolds, 250 N.W.2d 434, 438–439 (Iowa 1977). See also State v. Trudo, 253 N.W.2d 101, 104 (Iowa 1977).

We also recognized the ability of juries to independently consider evidence on the issue of accommodation where a defendant was charged with delivery of a controlled substance. State v. Stidolph, 263 N.W.2d 737 (Iowa 1978).

■ We find no merit in defendant's claim he was unconstitutionally denied due process. At some point under a charge of second offense OMVUI it becomes necessary to put together the State's claims of both convictions. The action of the trial court in this case was more than adequate to defend against any prejudice which might arise by reason of the knowledge of the prior conviction.

We cannot believe defendant's rights were thereafter prejudiced when the same jury considered the State's claim he had been previously convicted. Neither can we believe it was an abuse of the trial court's discretion to employ the procedure it did.

Because both of defendant's assignments are without merit the judgment of the trial court must be and is hereby affirmed.

AFFIRMED.