HERITAGE CABLEVISION, Appellant,

v.

MARION COUNTY BOARD OF
SUPERVISORS, Appellees.

No. 88–09.

Supreme Court of Iowa.

Feb. 22, 1989.

Mark R. Schuling of Brick, Seckington, Bowers, Swartz & Gentry, Des Moines, for appellant.

Lee H. Gaudineer of Austin, Gaudineer, Austin, Salmons & Swanson, Des Moines, and Martha Mertz, Co. Atty., for appellees.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and SNELL, JJ.

HARRIS, Justice.

Plaintiff Heritage Cablevision brought this action as a facial constitutional challenge to Iowa Code chapter 427A (1987), which allows a tax exemption to most, but not all, tangible personal property. Property owned by Heritage is not exempt and it remains subject to tax. The trial court rejected the challenge and we affirm.

In times past Iowa statutes provided for an extensive personal property tax. In 1973 the General Assembly adopted a scheme under which most personal property would no longer be taxed. But under the plan not all types of personal property are relieved from the burden of taxation. Certain categories of property, formerly taxed as personal, were targeted for continued taxation. This was accomplished by a statutory mandate which lists the targeted categories and provides that they be considered real property for purposes of taxation.

These categories, listed in Iowa Code section 427A.1, subd. 1 are: (a) land and water rights; (b) substances contained in or growing upon land, before severance from the land, and rights to those substances; (c) buildings or improvements which are attached to the land or placed on a foundation; (d) buildings, structures, equipment, machinery or improvements which are attached to items in paragraph c; (e) machinery used in manufacturing establishments; (f) property taxed under chapter 499B (condominiums); (g) rights to space above the land; (h) property assessed by the department of revenue and finance; (i) property used but not owned by persons whose property is defined in paragraph h; (j) computers—excluding point of sales equipment; and (k) transmission tower and antenna not part of a household.

Heritage is in the cable television business. At its locations it collects local television signals by an antenna and satellite signals by a satellite dish. These signals are then sent by cables to a group of assembled electronic devices which descramble and combine them for transmission to subscribers. Heritage refers to these devices as "head-end" equipment.

Transmission of the signals to subscribers is by coaxial cables strung from rented space upon local telephone poles.

It is readily apparent that Heritage owns property which falls in three categories retained for taxation: (1) computers (427A.1, subd. 1(j)); (2) transmission towers and antennae (427A.1, subd. 1(h)); and (3) equipment attached to the towers, structures and land (427A.1, subd. 1(c) and (d)). Hence the Marion County assessor assessed Heritage's electronic head-end equipment, satellite dishes, antennae, coaxial cable, and certain other property, as real property.

In this action Heritage challenges the assessment, asserting chapter 427A is unconstitutional. The attack is a facial one, based on the contention that the division of traditional personal property into personal property and real property results in discriminatory taxation. The claim is grounded in article I, section 6 and article III, section 30 of the Iowa Constitution and section 1, fourteenth amendment, of the federal constitution.

I. Heritage has taken on a staggering burden. In *City of Waterloo v. Selden,* 251 N.W.2d 506 (Iowa 1977), we said:

> The general principles applicable to the determination of the constitutionality of the challenged statutory provision are well established. All presumptions are in favor of the constitutionality of the statute and it will not be held invalid unless it is clear, plain and palpable that such decision is required. The legislature may pass any kind of legislation it sees fit so long as it does not infringe the state or federal constitutions. Courts do not pass on the policy, wisdom, advisability or justice of a statute. The remedy of those who contend legislation which is within constitutional bounds is unwise or oppressive is with the legislature.... Plaintiffs have the burden to demonstrate beyond a reasonable doubt the act violates the constitutional provision invoked and to point out with particularity the details of the alleged invalidity. To sustain this burden plaintiffs must negate every reasonable basis which may support the statute. Every reasonable

doubt is resolved in favor of constitutionality.... An iron rule of equal taxation is neither attainable nor necessary.

*Id.* at 508 (citations omitted).

This burden is the same with each of the three constitutional provisions Heritage seeks to invoke. We said in *Dickinson v. Porter,* 240 Iowa 393, 400, 35 N.W.2d 66, 71–72 (1949):

> Article III, section 30, and Article I, section 6, of our state constitution, invoked by plaintiff, require that the law in question have a uniform operation throughout the state. The effect of section 1, Fourteenth Amendment to the Constitution of the United States as applied to this case is substantially the same as these uniformity provisions of our own constitution. In general, if a law does not offend against one constitution it is inoffensive to the other.

Where, as here, the challenged tax classifications do not adversely affect a fundamental interest and are not based upon suspect criteria, they are tested under the more lenient standard of rationality, traditionally applied in evaluating equal protection challenges to regulation of economic and commercial matters. *Exxon Corp. v. Eagerton,* 462 U.S. 176, 195–96, 103 S.Ct. 2296, 2308, 76 L.Ed.2d 497, 513 (1983). "Under that standard a statute will be sustained if the legislature could have reasonably concluded that the challenged classification would promote a legitimate state purpose." *Id.* at 196, 103 S.Ct. at 2308, 76 L.Ed.2d at 513.

It is widely recognized that the rational basis standard is easily satisfied in challenges to tax statutes. In *Madden v. Kentucky,* 309 U.S. 83, 88, 60 S.Ct. 406, 408, 84 L.Ed. 590, 593 (1940), the supreme court said:

> [I]n taxation, even more than in other fields, legislatures possess the greatest freedom in classification. Since the members of a legislature necessarily enjoy a familiarity with local conditions which this court cannot have, the presumption of constitutionality can be overcome only by the most explicit demonstration that a classification is a hostile

and oppressive discrimination against particular persons and classes.

*See also Atlantic·Richfield Co. v. Alaska,* 705 P.2d 418, 437 (Alaska 1985) ("The rational basis standard is particularly easy to meet in the area of taxation.").

The controlling question is whether the statute is constitutional as applied to Heritage. *See State v. Hepburn,* 270 N.W.2d 629, 631 (Iowa 1978) (If a statute is constitutional as applied, it is not unconstitutional on its face.).

II. Heritage insists it can carry its heavy burden because of what it considers to be the practical effect of the classification. It points out that the section exempts nearly all personal property in Iowa and contends the few owners of what remains (by their property being assessed as real property) are singled out. The challenge is based solely on the statute's application in Marion County. The 1985 assessments of commercial tangible personal property in the county amounted to $26,680,544. In 1986, due to the elimination of the personal property tax and the effect of the classification under section 427A.1, the figure fell to $735,737, all of which was assessed as real property. Of this amount $541,984 belonged to Heritage. Heritage argues this is blatantly discriminatory.

There are a number of difficulties with Heritage's challenge. It offers evidence of only one, mostly rural, county. The statute however has statewide application and Heritage operates in many counties. There is no indication of disparate treatment in larger or more commercial counties.

The challenge overlooks similar property in Marion County which is taxed. The same classifications are provided for industrial property as for commercial property. When the industrial machinery and equipment assessed as real estate is considered with the commercial equipment assessed as real estate in Marion County, more than $18 million in personal property is subject to tax. Heritage has unique equipment which differs from that of other "commercial" businesses in Marion County. But this does not make the statute unconstitutional.

Heritage's figures can be challenged on still another basis. Utilities with comparable equipment in the county are not assessed locally by the county assessor, but by the Iowa department of revenue. *See* Iowa Code § 428.24. The absence of figures for local utilities detracts considerably from the accuracy of Heritage's comparisons.

This property tax exemption system does not single out a single business or a single industry for higher taxation. The statute has broad application and does not discriminate against the cable television industry. Heritage has failed to meet its burden to show the statute has a discriminatory effect. The trial court was correct in rejecting the challenge.

AFFIRMED.