Maurice L. KLEIN, Appellee,

v.

IOWA DEPARTMENT OF REVENUE
AND FINANCE, Appellant.

No. 88–1817.

Supreme Court of Iowa.

Feb. 21, 1990.

Thomas J. Miller, Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., and Lucille M. Hardy, Asst. Atty. Gen., for appellant.

Dennis J. Naughton of Naughton, Stenlund & Reilly, Dubuque, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO and SNELL, JJ.

LAVORATO, Justice.

According to an Iowa income tax statute when married persons file separate returns, both must use the optional standard deduction if either elects to use it. Iowa Code § 422.9(4) (1981). This appeal presents the following question: If one spouse uses the standard deduction, may the other spouse itemize deductions? The district court thought so, but we disagree and reverse. We affirm as to the issues raised in the cross appeal.

Maurice L. and LaVonne M. Klein were divorced on August 19, 1983. They separated in November 1982. But the separation was not pursuant to a decree of dissolution or separate maintenance.

In February 1983 Maurice filed an individual Iowa income tax return for the calendar year 1982. He used the filing status of "married filing separate returns" and itemized his deductions. See Iowa Admin. Code 701–39.4(5) (1981).

On her 1982 return, LaVonne did not itemize deductions. Instead she chose to take the standard deduction. See Iowa Code § 422.9(1).

After auditing Maurice's 1982 return, the Iowa Department of Revenue and Finance disallowed the itemized deductions and replaced them with the standard deduction. The department also denied Maurice the right to claim his two minor stepchildren as dependents.

Maurice received a tax due notice from the department, requesting payment of $773.84. See Iowa Code § 422.25. Maurice later received a tax due notice in the amount of $794.60.

Maurice paid the $794.60 under protest. He then sent the department a claim for income tax refund/protest regarding the 1982 return. See Iowa Admin.Code 701–7.- 8(17A); 701–7.14(17A).

After an evidentiary hearing, the hearing officer entered a proposed order. See id. at 701–7.17(5). The hearing officer concluded that

> Iowa Code section 422.9(4) and 701 Iowa Administrative Code section 41.4 specifically require both spouses to use the optional standard deduction if either spouse elects to use it. The department was correct to disallow [Maurice's] itemized deductions for 1982.

The hearing officer also concluded that Maurice had failed to prove he was entitled to claim LaVonne's two children as dependents.

Maurice appealed to the director of the department, who adopted the hearing officer's proposed order in its entirety. See Iowa Code § 422.28. Maurice then filed a

petition for judicial review in the district court. *See* Iowa Code § 422.55.

The district court initially affirmed the director's decision. Later, in response to Maurice's motion to amend findings and conclusions, the court modified its earlier ruling. This time the court allowed Maurice to itemize deductions as he had done on his 1982 return. It is from this ruling that the department appeals, contending that the district court erroneously interpreted Iowa Code section 422.9(4).

Maurice cross-appealed from the part of the district court ruling that affirmed the director's order on the dependency exemption issue. One of the issues Maurice raises here centers on the hearing officer's refusal to require the department to furnish Maurice with LaVonne's 1982 tax return. Another issue Maurice raises concerns the hearing officer's refusal to require the department to furnish him with information to show that LaVonne supported her two children. These refusals, Maurice argues, shifted the burden of proof on the dependency exemption issue to the department—a burden the department failed to meet.

In addition Maurice contends the department and the district court, in denying the dependency exemptions, incorrectly applied section 152 of the Internal Revenue Code. Finally, Maurice challenges the constitutionality of section 422.9(4) on the grounds of equal protection under both the federal and Iowa constitutions.

■■■ I. *Scope of Review.* Judicial review of the actions of the department of revenue is governed by the Iowa Administrative Procedure Act (IAPA). *See* Iowa Code §§ 17A.19(8), 422.55. Acting in our appellate capacity, we review the agency's decision solely to correct any errors of law. *Norland v. Iowa Dep't of Job Serv.*, 412 N.W.2d 904, 908 (Iowa 1987).

When the agency's action involves statutory interpretation or matters of law, "we owe the agency only limited deference...." *Id.* This is because "law issues are determinable by the judiciary alone...." *Id.* (citations omitted).

■ Our inquiry into the agency's findings is, however, more limited. *Id.* On appeal, the agency's factual findings are binding if supported "by substantial evidence in the record made before the agency when that record is viewed as a whole." Iowa Code § 17A.19(8)(f). This limited scope of factual review requires us to ask only if the evidence submitted supports the findings actually made. *Norland*, 412 N.W.2d at 908.

II. *The Appeal—The Itemized Deduction Issue.* Iowa Code section 422.9(4) provides in pertinent part:

In computing taxable income of individuals, there shall be deducted from net income the largest of the following amounts:

1. [Optional standard deduction].

2. [Itemized deductions].

. . . .

4. Where married persons file separately, both must use the optional standard deduction if either elects to use it.

The district court explained its interpretation of the provision this way:

[Subsection 4] does not award to one spouse the unrestricted election to require the other to use the standard deduction. It merely imposes the requirement that, for either to use the standard deduction, both must. So that, in the absence of a joint election, neither may. In requiring plaintiff to use the standard deduction because his then wife did, [the department] was in error and should not have allowed the wife to use the standard deduction because [Maurice] failed to.

■ We agree with the department that subsection four is clear: *if either spouse elects* to use the standard deduction then *both must.* *See* Iowa Code § 422.9(4); Iowa Admin.Code 701–41.4; Margulies, *An Overview of State Taxation of Individual and Corporate Income in Iowa,* 26 Drake L.Rev. 57, 70 (1976–77) (emphasis added). Subsection four does not require a joint election, a requirement the district court read into it. A joint election requires a combined decision made by both spouses.

The code, however, uses the word "either," which means that one or the other can make the decision to use the standard deduction. Once this decision is made, the code then requires the nonelecting spouse to use the same deduction. The district court erred in concluding otherwise, and we reverse its judgment on this issue.

III. *The Cross Appeal.*

■ A. *The discovery issue.* During the administrative proceedings Maurice asked the department to give him copies of LaVonne's 1982 return. He also served the department with interrogatories requesting information from that return. In response, the department reminded Maurice that he had already attached a copy of her return to his original protest and that, in any event, confidentiality statutes governing tax records precluded the department from giving him the return. *See* Iowa Code §§ 422.20, 422.72. The hearing officer refused Maurice's request to require the department to give him the return. Instead the hearing officer gave Maurice a subpoena which would have allowed him to subpoena the return. Maurice apparently failed to use the subpoena.

Maurice contends the hearing officer abused her discretion when she refused to require the department to give him LaVonne's 1982 tax return. This refusal, Maurice argues, shifted the burden of proof to the department to show (1) that LaVonne had claimed her children as dependents on her 1982 return, (2) that she supported them, and (3) that she had used a standard deduction on the return.

The short answer here is that Maurice already had the information he thought the department should have given him. In paragraph three of his protest Maurice alleged that LaVonne had filed a 1982 income tax return with a filing status "married filing separate returns." He also alleged that she had claimed the standard deduction. Finally, he alleged that the return was attached, marked as Exhibit "B", and made a part of the paragraph by reference. In its answer the department admitted paragraph three in its entirety.

So it was uncontroverted that LaVonne had claimed her children as dependents and that she had used the standard deduction. In these circumstances we fail to see how the hearing officer abused her discretion as Maurice contends.

B. *The dependency exemption issue.* Iowa Code section 422.12(1)(c), Iowa's dependency exemption provision, provides in pertinent part:

There shall be deducted from but not to exceed the tax, after the same shall be computed as provided in this division the following:

1. a personal exemption credit in the following amounts:

. . . .

c. For each dependent, an additional ten dollars. As used in this section, the term "dependent" shall have the same meaning as provided by the Internal Revenue Code of 1954.

The term "dependent" was defined in section 152 of the Internal Revenue Code of 1954 as

any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer. . . .

(2) a stepson or stepdaughter of the taxpayer.

The hearing officer as well as the district court used these provisions in resolving the dependency exemption issue.

■ Maurice contends that the special support test in section 152(e)(1)(A) and 152(e)(2)(B)(i, ii) of the Internal Revenue Code of 1954 applies to him rather than the provisions the department and the district court used. Under this test, a taxpayer who contributes $1200 or more for the support of a child is treated as having contributed over one-half of the child's support.

We agree with the department that Maurice cannot use this special support test but, instead, is bound by the more than fifty percent test in section 152 of the 1954 Internal Revenue Code. We reach this conclusion for two reasons. First, Maurice never urged use of the special support test

in the proceedings before the agency or in the district court. We do not consider issues raised for the first time on appeal. *See Bonds v. State*, 447 N.W.2d 135, 136 (Iowa 1989).

Second, the special support test does not apply. Section 152(e)(1)(A) specifically applies to a "child [who] receives over half of his support during the calendar year from his parents *who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement.*" (Emphasis added.) The hearing officer found that Maurice and LaVonne were not legally separated under a decree of divorce or separate maintenance. Maurice did not challenge this finding. Nor did he produce any evidence to the contrary. So we conclude there is substantial evidence to support this finding.

■ Our next inquiry is whether there was substantial evidence to support the hearing officer's finding that Maurice failed to prove he contributed more than fifty percent for the support of each child in 1982. In support of this finding the hearing officer explained:

[Maurice] contends he supplied over half of his stepchildren's support in 1982. [Maurice] bases this contention on his records, [LaVonne's] checking account at a credit union for approximately eight months in 1982, and portions of a deposition taken during May 1983, regarding their divorce. This evidence is insufficient to establish all [LaVonne's] income and expenditures in 1982. [Maurice] did not know if [LaVonne] had other accounts, and he was also uncertain as to all of the items and amounts she paid for regarding support. In addition, although the father of the children did not pay his court-ordered child support it is unknown what other contributions he may have made. *Based on this record, it is not possible to determine the percentages of contributions.* The divorce deposition is not complete and leaves open the question of what percentage the mother provided and how she can prove it.

(Emphasis added.) We think the hearing officer more than adequately explained why she thought Maurice had failed to prove that he had contributed more than fifty percent of the children's support. We also think there is substantial evidence to support her findings and conclusions. The district court correctly affirmed this part of the agency's decision.

■ As he did with respect to the dependency exemption issue, Maurice contends the burden of proof shifted to the department to prove the total amount of support. He argues that the department should have given him information about the amount of support LaVonne did provide for the children. The department responds by asserting it could not furnish such information because tax confidentiality statutes prohibited it from doing so. *See* Iowa Code §§ 422.20, 422.72.

Whether the confidentiality statutes prohibited the department from furnishing the information is a question we need not answer. The department offered Maurice an opportunity to subpoena LaVonne and any pertinent documents he felt were necessary to support his case. Maurice ignored the offer. In these circumstances we are not prepared to consider sanctioning the department by shifting the burden of proof to it.

On the other hand, given the usually strained relations between ex-spouses, we recognize the difficulty a noncustodial parent may have in using the subpoena approach to prove a case of support. Perhaps in these circumstances the legislature ought to impose an obligation upon the custodial parent to furnish the department with proof of total support and permit the department to furnish that information to the noncustodial parent. *See* Note, *Children of Dissolved Marriages: A Disputed Tax Deduction*, 4 Sw.U.L.Rev. 101, 102 (1972). *Cf.* I.R.C. § 152(e)(3).

■ C. *The constitutional issues.* We last address Maurice's challenge to Iowa Code section 422.9(4) on equal protection grounds under the federal and Iowa constitutions. *See* U.S. Const., amends. 5 and 14;

Iowa Const., Art. I, § 9. He challenges the statute facially and as applied to him.

Maurice's argument is simply this. His statistical evidence tends to show that men earn more on the average than women, as is true in his case. So it is not surprising that men, according to department records, tend to use the itemized deduction option more than women. The evil that section 422.9(4) causes is that the statute produces an arbitrary result to the damage of the taxpayers who need the deductions the most. In short, Maurice argues that section 422.9(4) results in unconstitutionally unequal treatment of married men taxpayers versus married women taxpayers.

Generally, a statute that does not offend against equal protection guarantees in the federal constitution does not offend against a similar provision in our State constitution. *See Dickinson v. Porter*, 240 Iowa 393, 400, 35 N.W.2d 66, 71–72 (1949); *Accord Heritage Cablevision v. Board of Supervisors*, 436 N.W.2d 37, 38 (Iowa 1989). Maurice gives no reasons or arguments to depart from this general rule, so our analysis here is the same under both constitutions.

No suspect classification or fundamental right is involved here, so our standard of review is rationality. Under this standard we must sustain the validity of a statute "if the legislature could have reasonably concluded that the challenged classification would promote a legitimate state purpose." *Heritage*, 436 N.W.2d at 38.

We recognize that the rational basis standard is easily met in challenges to tax statutes. That is because

> in taxation, even more than in other fields, legislatures possess the greatest freedom in classification. Since the members of a legislature necessarily enjoy a familiarity with local conditions which this court cannot have, the presumption of constitutionality can be overcome only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes.

*Id.* at 38–39 (quoting *Madden v. Kentucky*, 309 U.S. 83, 88, 60 S.Ct. 406, 408, 84 L.Ed. 590, 593 (1940)).

Maurice's burden is a heavy one. He must demonstrate beyond a reasonable doubt that the statute violates equal protection guarantees. To sustain this burden he has to negate every reasonable basis that may support the statute. In deciding whether Maurice has carried this burden we must keep in mind that "[a]n iron rule of equal taxation is neither attainable nor necessary." *City of Waterloo v. Selden*, 251 N.W.2d 506, 508–09 (Iowa 1977).

We agree with the department that Maurice has not carried his burden. We reach this conclusion for two reasons. First, as the department argues, section 422.9(4) creates no classification of married men taxpayers versus married women taxpayers. Instead the statute treats married persons as one economic unit for purposes of the deduction. The legislature could have rationally believed that the economics of marriage justified such treatment.

Second, as the department correctly notes, section 422.9(4) serves a legitimate state purpose. Without such a provision, married taxpayers could double-up on deductions—one spouse taking all the itemized deductions and the other taking the standard deduction. Section 422.9(4) prevents a drain on tax revenues while at the same time preserving a deduction for each spouse in case of a dispute.

We have considered Maurice's remaining argument: the due process challenge to section 422.9(4). We find that it has no merit and needs no further consideration.

IV. *Disposition.*

In summary, we hold that Iowa Code section 422.9(4) requires both spouses to use the standard deduction if either chooses to do so. Moreover, we find no equal protection violation under either the federal or state constitutions because of such an interpretation. We reverse that part of the district court's judgment that allowed Maurice to itemize his deductions on his 1982 return.

We conclude there was substantial evidence to support the agency's finding that Maurice did not provide more than fifty percent of the support for LaVonne's two children. So we affirm that part of the district court's judgment which upheld the agency's determination on this issue.

REVERSED ON THE APPEAL; AFFIRMED ON THE CROSS–APPEAL.