# IN THE SUPREME COURT OF IOWA

No. 09–0032

Filed October 15, 2010

**GRIFFIN PIPE PRODUCTS CO., INC.,**

    Appellant,

vs.

**THE BOARD OF REVIEW OF THE
COUNTY OF POTTAWATTAMIE,**
ROBERT KNOW, Chairperson,

    Appellee.

---

Appeal from the Iowa District Court for Pottawattamie County, James M. Richardson, Judge.

Manufacturing company appeals denial of its motion for summary judgment in property tax assessment challenge. **REVERSED AND REMANDED.**

Rosalynd J. Koob and Joel D. Vos of Heidman Law Firm, L.L.P., Sioux City, for appellant.

Leanne A. Gifford, Assistant County Attorney, for appellee.

Thomas J. Miller, Attorney General, James D. Miller, Assistant Attorney General, for amicus curiae State of Iowa.

William C. Brown of Brown, Winick, Graves, Gross, Baskerville & Schoenebaum, P.L.C., for amicus curiae Iowa Association of Business and Industry.

Brett Ryan of Willson & Pechacek, P.L.C., Council Bluffs, and Nathan Bonnett, Des Moines, for amicus curiae Iowa State Association of Counties.

**APPEL, Justice.**

In this case, a manufacturing company appeals from denial of its motion for summary judgment by the district court in a property tax assessment proceeding. The manufacturer asserts that a cupola, vertical annealing furnace, and smokestack on its property are manufacturing equipment and, as a result, are not subject to taxation. After losing an administrative appeal, the manufacturer challenged the taxation of these items, eventually filing a motion for partial summary judgment claiming entitlement to a tax exemption. After the district court refused to grant partial summary judgment, we granted interlocutory review to consider the questions presented. For the reasons expressed below, we reverse the district court judgment.

### I. Factual and Procedural History.

Griffin Pipe Products Co., Inc. is a manufacturer of ductile iron pipe products with a foundry located in Council Bluffs, Iowa. The foundry's physical plant includes a cupola, a vertical annealing furnace, and a steel exhaust stack. The cupola occupies three floors and extends above the roofline of the main production building and is used to melt the metals during the casting process. The vertical annealing furnace, which sits in the basement of the main production building and rises above the main floor of the plant, is used to alter the hardness and add strength to metal. The exhaust stack is connected to the exterior of the primary production building and vents hot gases and fine particulate matter generated by the smelting process.

In 2007, the Pottawattamie County Assessor assessed the foundry as having a value of $10,201,500. The assessment was based on an appraisal by George Sanscoucy, who assessed the value of the foundry at

$13,360,000. In arriving at his assessment, Sanscoucy included the value of the cupola, the vertical annealing furnace, and the steel exhaust stack.

Griffin Pipe timely appealed the county's assessment. After the Pottawattamie County Board of Review rejected the company's appeal, Griffin Pipe appealed to the district court.

The issue before the district court concerned the proper interpretation and construction of Iowa Code section 427A.1(1)(*c*), (*d*), and (*e*) (2007).[1] Paragraphs (*c*) and (*d*) provide that the following properties are subject to property taxation:

> *c.* Buildings, structures or improvements, any of which are constructed on or in the land, attached to the land, or placed upon a foundation whether or not attached to the foundation.
> . . .
> *d.* Buildings, structures, equipment, machinery or improvements, any of which are attached to the buildings, structures, or improvements defined in paragraph *"c"* of this subsection.

Iowa Code § 427A.1(1)(*c*), (*d*).

Paragraph (*e*) then adds an additional category subject to property tax: "Machinery used in manufacturing establishments." *Id.* § 427A.1(1)(*e*). For the purpose of paragraph (*e*), the legislature provided that the scope of the provision was identical to Iowa Code section 428.22 (1973), which stated, "Machinery used in manufacturing establishments shall, for the purpose of taxation, be regarded as real estate." *Id.* § 428.22 (1973).

While paragraph (*e*) originally provided that "[m]achinery used in manufacturing establishments" was subject to property tax, that result was reversed with the enactment of Iowa Code section 427B.17. Under this Code provision, property taxed under paragraph (*e*) became exempt if it was assessed for the first time on or after January 1, 1995. Iowa Code

---

[1]All references are to the 2007 Code of Iowa unless otherwise indicated.

§ 427B.17(2). All other taxes imposed under paragraph (*e*) were phased out between 1999 and 2002. Iowa Code § 427B.17(3)(*a*)–(*d*).

In Griffin Pipe's motion for summary judgment before the district court, the company asserted that because it was a manufacturing establishment and because the cupola, the vertical annealing furnace, and the exhaust stack were manufacturing equipment under Iowa Code section 427A.1(1)(*e*), it was entitled to the property tax exemption in section 427B.17.

The board countered that the items involved were taxable property under paragraphs (*c*) and (*d*) of section 427A.1(1). The board first suggested that the cupola, vertical annealing furnace, and stack were "improvements . . . constructed on or in the land, attached to the land, or placed on a foundation" and therefore within the scope of paragraph (*c*). In the alternative, the board suggested that the items were "machinery" or "equipment" that are "attached to the buildings, structures, or improvements" and thus within the scope of paragraph (*d*).

The district court denied the motion for summary judgment. It noted that "the sole issue is whether or not the property in question is personal property and subject to the manufacturing exception to taxation." The district court concluded that summary judgment was inappropriate because, "[a] fact issue exists whether or not the property in question is a fixture subject to taxation."

Griffin Pipe filed a motion for reconsideration. The company asserted that the sole issue was a legal issue regarding which paragraph of Iowa Code section 427A.1(1) was applicable. Griffin Pipe asserted that the question of which paragraph applies did not turn on whether the property was a common law fixture. Instead, according to Griffin Pipe, the sole question

was whether the property was machinery used in a manufacturing establishment.

The board countered that Griffin Pipe had conceded for the purposes of the motion for summary judgment that the cupola, vertical annealing furnace, and steel exhaust stack were common law fixtures. The board countered that the legal question was whether Iowa Code section 427A.1(1)(*e*) includes within its scope manufacturing machinery which are common law fixtures. The board conceded that if paragraph (*e*) included within its scope common law fixtures, Griffin Pipe would be entitled to summary judgment.

On reconsideration, the district court agreed with Griffin Pipe's characterization of the issue but again denied its motion for summary judgment. The district court concluded that the cupola, vertical annealing furnace, and exhaust stack amounted to real property under Iowa Code sections 427A.1(1)(*c*) and (*d*). The district court, however, also noted that these items fell within the scope of manufacturing machinery exempted from taxation under paragraph (*e*). The court determined that all three subsections were implicated in this case, with none controlling.

Applying rules of statutory construction, the district court reasoned that paragraph (*e*) was not designed to apply to manufacturing equipment that fell within paragraphs (*c*) and (*d*). Among other things, the district court noted that, when in doubt, all assertions regarding an exemption are to be resolved in favor of taxation.

Griffin Pipe filed an application for interlocutory review, which we granted. After the case was submitted, the court invited the Iowa Attorney General, the Iowa Association of Business and Industry, and the Iowa Association of Counties to file amicus briefs. All three filed amicus briefs, which proved very helpful to the court in this case.

## II. Standard of Review.

This court reviews a district court decision to grant or deny a motion for summary judgment for correction of errors at law. *Ranes v. Adams Labs., Inc.*, 778 N.W.2d 677, 685 (Iowa 2010). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Stevens v. Iowa Newspapers, Inc.*, 728 N.W.2d 823, 827 (Iowa 2007). The court reviews the evidence in the light most favorable to the nonmoving party. *Id.*

## III. Preservation of Error.

We first consider a question of error preservation. Although the parties did not address the issue, an amicus brief filed by the Iowa Association of Counties asserts that Griffin Pipe failed to preserve the issue in this case by its failure to explicitly challenge in writing the determination by the assessor that the cupola, vertical annealing furnace, and exhaust stacks were taxable. Iowa Code §§ 441.37, .38(1). Instead, according to the association, Griffin Pipe challenged only the overall amount of the assessment.

We find the issue was properly preserved. When Griffin Pipe received its tax assessment, the document revealed a large increase in taxes by simply stating "building: $9,102,800." The assessor had never before used the term "building" to include machinery and equipment. Griffin Pipe then challenged the increased assessment of the "building" by filing a notice of appeal. It was only later in the administrative process that it became clear that the basis for the increased assessment was the inclusion of the cupola, annealing furnace, and exhaust stack. Under the circumstances, the challenge filed by Griffin Pipe was adequate to put the board on notice of the nature of the protest. Our issue preservation rules are not designed to be hypertechnical. *See, e.g., Summy v. City of Des Moines*, 708 N.W.2d 333,

338 (Iowa 2006); *Ezzone v. Riccardi*, 525 N.W.2d 388, 403 (Iowa 1994). Under these circumstances, we conclude that the issue has been adequately preserved.

**IV. Discussion.**

**A. Background.** As framed by the parties in the summary judgment proceedings, the sole issue before the court is whether the phrase "[m]achinery used in manufacturing establishments" under Iowa Code section 427A.1(1)(*e*) includes within its scope common law fixtures. If common law fixtures are included, then Griffin Pipe is entitled to summary judgment. Conversely, if common law fixtures are not included, then the district court properly denied summary judgment in this case.

In order to address this narrow question, a review of the background of our tax law is helpful. In the past, personal property has been subject to property taxation in Iowa. Beginning in the 1970s, the legislature determined that property tax should not be levied against most forms of personal property. *Heritage Cablevision v. Marion County Bd. of Supervisors*, 436 N.W.2d 37, 37 (Iowa 1989).

The legislature, however, determined that there should be exceptions to the general rule that personal property in Iowa would no longer be subject to property tax. *Id.* Specifically, Iowa Code section 427A.1(1) was enacted to provide a list of certain types of property that remained subject to taxation regardless of whether they could be characterized as personal property. *Id.* Included in the categories of property that were to remain subject to property taxation were paragraphs (*c*), (*d*), and (*e*). *Id.*

Thereafter, the legislature determined that the taxation of property identified in paragraph (*e*) should again be phased out. The legislature accomplished this through the enactment of Iowa Code section 427B.17. The phase out of property tax on machinery within the scope of paragraph

(*e*) has now been completed and the paragraph (*e*) property is no longer subject to taxation.[2]  Iowa Code § 427B.17(3)(*d*).

**B. Iowa Authority on Scope of "Machinery Used in Manufacturing Establishments."**  There have only been a handful of cases interpreting the meaning of "[m]achinery used in manufacturing establishments" under Iowa Code section 427A.1(1)(*e*).  While a number of other issues have been addressed, none of the cases directly addresses the question of whether the phrase includes common law fixtures.

There is, however, some authority that seems to suggest that common law fixtures are within the scope of section 427A.1(1)(*e*).  For instance, in *Northwestern States Portland Cement Co. v. Board of Review*, 244 Iowa 720, 726–29, 58 N.W.2d 15, 19–21 (1953), the court considered whether plant water systems, air separators, dust collectors, and truck-turn-around fell within the scope of the precursor to paragraph (*e*), then Iowa Code section 428.22 (1950).  The court concluded that they did.  *Northwestern*, 244 Iowa at 728, 58 N.W.2d at 20.  Although the question of whether the items were fixtures was not a contested issue in the case,[3] the case still by implication stands for the proposition that fixtures were commonly regarded as property within the scope of now section 427A.1(1)(*e*).

No regulations promulgated by the Iowa Department of Revenue expressly states whether "[m]achinery used in manufacturing

---

[2]Under section 427B.17, an exemption from tax is not granted for machinery used in manufacturing establishments, but such property is given a special assessment, after phase out, of zero.  Iowa Code § 427B.17(3)(*d*).  The practical result of an exemption and a special assessment of zero, of course, is the same for the taxpayer.

[3]At the time, property within the scope of section 428.22 was subject to property tax.  Thus, the parties may not have been motivated to question whether fixtures fell within the scope of section 428.22.  Nonetheless, at the time the legislature determined to phase out property tax on "machinery used in manufacturing establishments," the case, on its face, would have put the legislature on notice that fixtures may well be within the scope of the term.

establishments" under Iowa Code section 427A.1(1)(*e*) includes fixtures. The applicable provision of the Iowa Administrative Code, however, states that machinery under Iowa Code section 427A.1(1)(*e*) "shall include *all* machinery used in manufacturing establishments and shall be assessed as real estate even though such machinery might be assessed as personal property if not used in a manufacturing establishment." Iowa Admin. Code r. 701—71.7 (emphasis added). The administrative rule thus implicitly suggests that subsection (*e*) must be given a broad interpretation to include common law fixtures.

**C. Authority from Other Jurisdictions on Similar Tax Provisions.** There is a large body of case law interpreting the meaning of "[m]achinery in manufacturing establishments" or similar statutory language. In many property tax cases, the statutory use of the term "machinery" has been interpreted to include within its scope common law fixtures. *See, e.g., BFC Hardwoods, Inc. v. Bd. of Assessment Appeals*, 771 A.2d 759, 764–67 (Pa. 2001) (determining dry kilns in lumber operation exempt as machinery and equipment); *Allegheny Energy Supply Co., LLC v. Greene County Bd. of Assessment Appeals*, 837 A.2d 665, 667–69 (Pa. Commw. Ct. 2003) (holding smokestacks, cooling towers, and water intake facility in electrical plant were excluded from tax under machinery and equipment exclusion); *Geis v. City of Fond du Lac*, 409 N.W.2d 148, 150–51 (Wis. Ct. App. 1987) (holding shell, silos, and control room were exempt from taxation as manufacturing machinery even though property had the appearance of a building).

In other cases, a "machinery" exemption has been given a more narrow interpretation to exclude fixtures. The narrow interpretation is often the result of statutory language that limits the favorable tax treatment to particular types of machinery. *See, e.g., Abex Corp. v. Comm'r of Taxation*, 207 N.W.2d 37, 43–45 (Minn. 1973) (finding a fixture is part of real property

and not exempt as "personal property" under statute), *superseded by statute*, Minn. Stat. § 272.03, subd. 1(c), *as recognized in Zimpro, Inc. v. Comm'r of Revenue*, 339 N.W.2d 736, 739 (Minn. 1983); *City of Lackawanna v. State Bd. of Equalization & Assessment*, 212 N.E.2d 42, 46–47 (N.Y. 1965) (finding blast furnaces, open hearth furnaces, coke ovens, and soaking pit furnaces not exempt under "equipment consisting of structures or erections to the operation of which machinery is essential").

**D. Analysis.** We begin our analysis by noting, as demonstrated above, that under the case law from Iowa and from other jurisdictions, fixtures are often held to be within the scope of exemptions for manufacturing machinery. We must presume that the legislature was aware that, without words of limitation, machinery would at least be susceptible to a broad construction that included fixtures. The lack of qualifying language when the state of the law suggested that machinery was subject to a broad interpretation without express words of limitation indicates that the legislature did not intend to limit the scope of section 427A.1(1)(*e*).

Further, the unqualified language in paragraph (*e*) contrasts with the narrower language in other state statutes that exempt certain property from taxation. For example, statutes in *Apex* and *City of Lackawanna* use limiting language to narrow the scope of favorable tax treatment. *See Apex Corp.*, 207 N.W.2d at 41–45 (holding Minn. Stat. § 272.03 (1965), which defines real property to include fixtures, limits the exemption provided in Minn. Stat. § 272.02(11)(b) for tools and machinery); *City of Lackawanna*, 212 N.E.2d at 46–47 (interpreting N.Y. Real Prop. Tax Law § 102.12(f) (1958) to limit exemption from real property taxes to machinery and equipment that were movable without material injury to the structure). Under these statutes common law fixtures are not included in machinery exemptions. The Iowa legislature chose not to employ such limiting language in our tax code.

Perhaps more significantly, the lack of qualifying language in section 427A.1(1)(*e*) contrasts sharply with paragraphs (*c*) and (*d*). Paragraphs (*c*) and (*d*) contain language providing that the manner in which property is attached to the real estate may be determinative in deciding whether the property in question falls within the scope of the paragraph. The use of such language, which limits its application based on the manner of attachment of property to real estate, in the same code section demonstrates that the legislature recognized that attachment status could be used as a limiting concept. Yet, the legislature elected not to use such limitation language in paragraph (*e*). Under these circumstances, we will not supply a limitation that the legislature declined to provide. Paragraph (*e*), therefore, includes common law fixtures.

Our interpretation is consistent with the manner in which the statute has been interpreted. The administrative regulations of the Iowa Department of Revenue, have long asserted that paragraph (*e*) "include[s] all machinery used in manufacturing establishments," even though it might be assessed as personal property if not used in a manufacturing establishment. Iowa Admin. Code r. 701—71.7. The implication, of course, is that all machinery, attached or unattached, fixtures or moveable items, falls within the scope of paragraph (*e*). Indeed, the Pottawattamie County Assessor over the years did not consider the cupola, vertical annealing furnace, and exhaust stack to be subject to property tax. Longstanding administrative interpretations are entitled to some weight in statutory construction. *Gen. Elec. Co. v. Iowa State Bd. of Tax Review*, 702 N.W.2d 485, 489 (Iowa 2005).

The district court also concluded that property within the scope of paragraph (*e*) could also be within the scope of paragraphs (*c*) and (*d*), thereby creating a conflict among the statutory provisions because paragraph (*e*) property is exempt from taxation while paragraphs (*c*) and (*d*)

property remain taxable. We are not necessarily convinced that the sections overlap. Even if that were true, however, we conclude that items that qualify for favorable tax treatment under paragraph (*e*) are exempt from taxation, even if they are also within the scope of paragraphs (*c*) or (*d*). Paragraph (*d*) is a larger classification that might include equipment used in both commercial and manufacturing activities, but paragraph (*e*) is a narrower class that applies only for equipment used in manufacturing establishments. Under our rules of statutory construction, if two provisions of a statute conflict, the more specific statute prevails over the general statute. *Goergen v. State Tax Comm'n,* 165 N.W.2d 782, 787 (Iowa 1969). To the extent they do overlap, the more specific provision in paragraph (*e*) controls.

For the above reasons, we conclude that paragraph (*e*) includes all "[m]achinery used in manufacturing establishments" within its scope, regardless of whether the machinery in question amounts to a common law fixture. This was the sole contested issue in the motion for summary judgment. As a result, the district court should have granted Griffin Pipe's motion for summary judgment.

### V. Conclusion.

The judgment of the district court is reversed and the matter remanded to the district court for entry of summary judgment in favor of Griffin Pipe.

**REVERSED AND REMANDED.**